### KELSEY *v.* CROWTHER.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF UTAH.

No. 74. Submitted November 19, 1895. — Decided April 13, 1896.

In a bill to compel specific performance of a contract for the sale and purchase of a tract of land, it is absolutely necessary for the plaintiff to tender performance and payment of the purchase money on his part; and this rule is still more stringent when applied to the case of an optional sale.

Lewis P. Kelsey and James K. Gillespie filed their second amended complaint in this case in the district court of the Third District of the Territory of Utah, December 13, 1888, against William J. Crowther, John T. Lynch and William Glasmann, alleging that on or about September 12, 1887,

the defendant Crowther was seized in fee simple of a certain tract of land containing 40 acres, situate in the county of Salt Lake, Territory of Utah; that on that date the plaintiffs and Crowther entered into an unwritten agreement whereby the plaintiffs agreed to buy and Crowther agreed to sell to them the said tract for the sum of $3250, it being agreed, as alleged, that a portion of the tract, containing 10 acres, was to be conveyed at once, and $500 of the said sum to be paid upon the conveying thereof, and that the remaining portion, containing 30 acres, was to be conveyed at the time, in the manner, and for the amount set out in a certain written contract, which, as alleged, was prepared solely in pursuance of the said unwritten agreement. It was alleged that the 10 acre portion of the tract was not worth $500, and that such sum was agreed by them and Crowther to be received by him not only in payment for the 10 acres, but also as part consideration for the remaining 30 acres. The said written agreement was as follows:

"SALT LAKE CITY, UTAH, *September* 13, 1887.

"Received of Lewis P. Kelsey and J. K. Gillespie the sum of fifty dollars, being part consideration of the purchase price, to wit, $2750, at which the undersigned agrees and contracts to sell, and by good and sufficient warranty deed convey, free of all liens, to said Kelsey and Gillespie the following described lot of ground, to wit: The east thirty (30) acres of the south half of the southwest quarter of section three (3), township one (1) south, of range one (1) west, Salt Lake meridian.

"Said purchasers to have after this date thirty (30) days for the examination of the title of said premises, and in case said title is adversely reported on by the attorneys of said purchasers, then said part consideration hereby receipted shall be at once returned to said purchasers; but if said title is approved, I hereby contract and agree to and with said Kelsey and Gillespie that I will at once, on payment of said balance of the agreed purchase money, to wit, $2700, duly execute, sign and acknowledge and deliver a full and perfect warranty deed, conveying to said purchasers the entire title

to said premises, and I agree to at once furnish an abstract of title to said premises and other needful papers.

"WM. J. CROWTHER. [SEAL.]"

The plaintiffs alleged that Crowther failed to furnish them an abstract of title to the land, and that by reason of such failure they were unable to examine the title within thirty days; that notwithstanding the fact that the abstract was not furnished as agreed, they tendered to Crowther on October 14, 1887, (being the next day after the said period of thirty days had expired,) the sum of $2700, and demanded a conveyance of the property, which Crowther refused to execute to them. They further stated that, as they were informed and believed, the defendants Lynch and Glasmann claimed to have obtained from Crowther some interest in the said 30 acres, but that such pretended interest was acquired by the said defendants subsequently to the making of the said contract, and with full knowledge of the existence thereof, and was therefore subject and subordinate to the rights of the plaintiffs.

The plaintiffs stated that they were ready and willing to pay the said sum of $2700 to Crowther, and asked the court to decree that Crowther execute to them a warranty deed, conveying to them the said 30 acres of land, free of all liens; that Lynch and Glasmann be required to set forth the nature of their respective claims to the land; that such claims were subject and subordinate to the plaintiffs' rights therein, and wholly invalid, and that Lynch and Glasmann be perpetually enjoined from asserting any claims whatever to the property adverse to the rights of the plaintiffs.

The defendants demurred to the said complaint, and their demurrer having been overruled, they filed their answer on December 13, 1888, wherein they denied that the written contract was executed in pursuance of the alleged unwritten agreement, or that such unwritten agreement was ever made; denied that the 10 acre portion of the tract was not worth $500, or that that amount was any part of the alleged agreed consideration for the 30 acres; and denied that the plaintiffs tendered to Crowther, on October 14, or at any other time,

the sum of $2700, or any sum. It was stated in the answer that the defendants Lynch and Glasmann had purchased the said 30 acres from Crowther subsequently to November 4, 1887, and that such purchase was made and the entire consideration therefor paid by them without any knowledge or notice on their part of any contract in favor of the plaintiffs, or of any of their alleged rights in the property.

On January 30, 1889, the court, having theretofore heard the testimony and argument, found the facts to be as follows :

"First. That the written contract set forth in the complaint was executed by the defendant, W. J. Crowther, and delivered to the defendants. [Meaning, doubtless, to the plaintiffs.]

"Second. That at no time during the thirty days therein specified did the said plaintiffs tender or offer to pay the said defendants the $2700, purchase price of the said land ; that at no time during the said period did the said plaintiffs signify their intention to accept the terms of said contract and to purchase the said land.

"Third. That on the 14th day of October, 1887, plaintiffs and defendant Crowther had further conversation on the subject of this purchase, but that on that day the plaintiffs or either of them did not tender $2700, or any part thereof, or any other sum, as per said agreement, for the said ground to defendant Crowther, and the said plaintiffs were not ready or willing to pay the balance of the purchase money for the said property to the defendants."

Upon these facts the court found, as its conclusion of law, that the defendants were entitled to judgment, and, on January 30, 1888, judgment for the defendants was duly entered. An appeal was taken by the plaintiffs to the Supreme Court of the Territory (7 Utah, 519) of Utah, and there, on September 12, 1891, the judgment was affirmed ; whereupon the plaintiffs appealed to this court.

*Mr. Parley L. Williams* and *Mr. Orlando W. Powers* for appellants.

*Mr. Arthur Brown* for appellees.

Mr. Justice Shiras, after stating the case, delivered the opinion of the court.

Upon the facts contained in the previous statement, there is no room to doubt that the judgment of the trial court dismissing the complaint, and the judgment of the Supreme Court of the Territory of Utah affirming that judgment, were correct, unless there was material error in the action of the district court in failing to find whether the appellee Crowther tendered the abstract of title called for in the contract.

The appellants contend that the question of the tender of the abstract was in issue and was material; that, under the system of pleading prevailing in the courts of the Territory of Utah, full findings are required upon every material issue; and that if any material issue is left unfound, it is ground for reversal of the judgment.

But, even if it be conceded that Crowther did not tender the abstract, the finding of that fact would not have rendered a different judgment necessary ; and hence the supposed fact was really immaterial.

The action was in the nature of a bill for specific performance of a contract for the sale and purchase of a tract of land. If the contract is construed as making it the duty of Crowther to tender the abstract, yet his failure to do so did not dispense with performance or the offer to perform on the part of the complainants. His failure to furnish the abstract might have justified the complainants in declaring themselves off from the contract, and might have formed a successful defence to an action for damages brought by Crowther. But if they wished to specifically enforce the contract, it was necessary for the complainants themselves to tender performance. To entitle themselves to a decree for a specific performance of a contract to sell land it has always been held necessary that the purchasers should tender the purchase money. This is the rule in the ordinary case of a mutual contract for the sale and purchase of land. And the rule is still more stringently applied in the case of an optional sale, like the present one, where time is of the essence of the contract, and where Crowther could not have enforced

specific performance. In such a case, if the vendee wish to compel the other to fulfil the contract, he must make his part of the agreement precedent, and cannot proceed against the other without actual performance of the agreement on his part, or a tender and refusal. *Bank of Columbia* v. *Hagner*, 1 Pet. 455, 464; *Marble Co.* v. *Ripley*, 10 Wall. 339, 359.

The second and third findings were expressly to the effect that at no time during the thirty days specified in the contract did the plaintiffs tender or offer to pay the defendants the purchase money, nor signify their intention to accept the terms of the contract, and that said plaintiffs were not ready or willing to pay the balance of the purchase money. Those were the findings of the trial court, and the Supreme Court reached the same conclusions upon a review of the testimony which was all in the record; and its conclusions upon this as a question of fact are not reviewable by this court. *Hawes* v. *Victoria Mining Co.*, 160 U. S. 303.

The bill and answer disclose an issue as to the claim of Lynch and Glasmann that they were *bona fide* purchasers for value, without notice, of the tract of land specified in the contract between the plaintiffs and Crowther; and as the answers were fully responsive to the allegations of the complaint, and as no evidence was adduced by the plaintiffs to sustain the bill in that particular, there would seem to be no reason why the complaint should not have been dismissed on that issue. As, however, neither the trial court nor the Supreme Court adverted to that phase of the case, and as there may have been reasons not disclosed to us by the record why that ground of defence was not put forward, we shall not consider it.

The Supreme Court of the Territory also expressed the opinion that, upon the facts disclosed by the record, the complainants had a full and complete remedy at law for all the damages they may have suffered by reason of any and all breaches of the contract, if any were committed, by the defendant Crowther. No errors, however, have been assigned to this ruling.

We think the appellants have failed to sustain their specifications of error and the decree of the Supreme Court of the Territory is accordingly *Affirmed.*