POLLOCK et al. v. RIDDICK.

(Circuit Court of Appeals, Sixth Circuit. May 5, 1908.)

No. 1,777.

SALES—OPTION TO BUY—ACCEPTANCE.

Under a contract giving an option to purchase timber, to expire on a certain date, and providing that, "if accepted, the above-named parties are to pay for said timber an additional amount of $2,450, in cash upon the making of a contract for the sale of said timber," the purchasers were

required to pay or tender the money before the option expired to entitle them to maintain an action to recover damages for the refusal of the seller to make the sale.

In Error to the Circuit Court of the United States for the Western District of Tennessee.

H. R. Boyd, for plaintiffs in error.

A. W. Biggs, for defendant in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. This was a suit brought by E. N. Pollock and H. R. Pollock to recover damages for the failure of T. K. Riddick to comply with a contract on an accepted option for the sale of timber. The court below sustained a demurrer and dismissed the case.

The material part of the option executed and delivered by Riddick on November 1, 1904, was as follows:

"Received of E. N. Pollock and H. R. Pollock, Memphis, Tennessee, the sum of fifty dollars, in consideration of which amount I have given, granted and sold to them the option and privilege of purchasing all the timber of every description now standing on that portion of my place in Crittenden county, Ark.," etc.

"This option is given for thirty days and expires on the first day of December, 1904."

"If accepted, the above-named parties are to pay for said timber an additional amount of $2,450 in cash, upon the making of a contract for the sale of said timber."

"It is understood and agreed that if this option is accepted, and said timber purchased, the purchasers are to be allowed three years, or until the first day of January, 1908, to remove the said timber," etc.

It will be observed that this option was not one to enter into a contract for the purchase of the timber, but to purchase the timber. Its terms are clearly defined. It was given for 30 days, and expired on the 1st day of December, 1904. The Pollocks were given the option and privilege of purchasing the timber, but only within the life of the option. And they were given the option to purchase the timber by paying the additional amount of $2,450 in cash.

But it is contended that the term defining payment is qualified by the succeeding condition; that it was to be "in cash" only "on the making of a contract for the sale of said timber"; that this last, "the making of a contract for the sale of said timber," was a condition precedent; that the cash did not have to be paid or tendered until the contract was made; and that in the present case the contract was not made, nor was there any offer to make it. The substituted declaration avers that Riddick was absent from Memphis from and after about the 20th day of November, 1904, until the 5th day of December, 1904, at Somerville, in Fayette county, Tenn., and that prior to the 1st day of December, 1904, one of the Pollocks went to Somerville, saw Riddick, and told him that they (the Pollocks) accepted the option and contract to purchase, and that they would take the timber under the terms and conditions of the option, and that Riddick returned to Memphis on or about the 5th day of December, 1904, and on that day the Pollocks "were ready, willing, and able to pay the defendant the sum of $2,450," the

balance of the consideration named in the option and contract, and demanded under the option; that Riddick execute a contract for the timber upon said property to them, and that he comply with the conditions of said option which Riddick declined to do, on the ground that the balance of the consideration of $2,450 was not paid or tendered on or before the 1st day of December, 1904; and that the demand for a compliance with the said contract on December 5, 1904, came too late. In brief, as shown by the substituted declaration, the Pollocks were given until the end of the 1st day of December to purchase the timber by paying the additional amount of $2,450 in cash, and at the time of paying or tendering this money they had a right to demand a conveyance of the timber. But they let the time pass without taking advantage of the option. By the terms of the option it expired on the 1st day of December, and they waited until the 5th of December, and then demanded that Riddick execute a contract conveying them the timber. They made this demand upon the strength of the fact that on or about the 1st of December they had notified Riddick that they accepted the option, but, though they accepted it, they did not comply with its terms during its existence.

We think this case is fully covered by the decisions in Kelsey v. Crowther, 162 U. S. 404, 408, 16 Sup. Ct. 808, 40 L. Ed. 1017, and Kentucky Distilleries & Warehouse Co. v. Warwick Co., 109 Fed. 280, 283, 48 C. C. A. 363. In each of these cases an option to sell land, etc., was involved, and a proceeding to enforce the option. In each an abstract of the land covered by the option was to be furnished, and the failure on the part of the giver of the option to furnish the abstract was made the excuse for not paying or tendering the price of the land within the time fixed by the option. But the court held that the duty to tender the price of the land under the option and according to its terms existed regardless of the failure on the part of the giver of the option to furnish the abstract if the would-be purchaser desired to lay the ground for the suit for specific performance. Said the court, speaking by Mr. Justice Shiras (page 408 of 162 U. S.; page 810 of 16 Sup. Ct. [40 L. Ed. 1017]):

"If the contract is construed as making it the duty of Crowther to tender the abstract, yet his failure to do so did not dispense with performance or the offer to perform on the part of the complainants. His failure to furnish the abstract might have justified the complainants in declaring themselves off from the contract and might have formed a successful defense to an action for damages brought by Crowther. But, if they wished to specifically enforce the contract, it was necessary for the complainants themselves to tender performance. To entitle themselves to a decree for a specific performance of a contract to sell land, it has always been held necessary that the purchasers should tender the purchase money."

This is in accordance with the rule laid down in Bank of Columbia v. Hagner, 1 Pet. 460, 464, 7 L. Ed. 219:

"The seller ought not to be compelled to part with his property without receiving the consideration; nor the purchaser to part with his money, without an equivalent in return. Hence in such cases, if either a vendor or vendee wish to compel the other to fulfill his contract, he must make his part of the agreement precedent, and cannot proceed against the other, without an actual performance of the agreement, on his part, or a tender and refusal."

The same question came before this court in the case of Kentucky Distilleries & Warehouse Company v. Warwick Co., 109 Fed. 280, 48 C. C. A. 363, and the decision of the Supreme Court in Kelsey v. Crowther was expressly followed, Judge, now Mr. Justice, Day, saying (page 283 of 109 Fed., page 366 of 48 C. C. A.):

"As we understand Kelsey v. Crowther, the ruling of the Supreme Court of the United States is that notwithstanding failure to furnish an abstract when the purchase money was to be paid by a day certain, and time was of the essence of the contract, the purchaser seeking specific performance would be obliged himself to tender performance on his part."

In the present case, the option was to purchase, and it had to be used within 30 days. It was to expire on the 1st of December. Before the termination of that day, the $2,450 must be paid in cash. If the Pollocks desired the timber, they should have paid the cash. If they desired also a written contract, they should have paid or tendered the cash on that day and demanded the contract. It does not appear they did either thing. They simply stood by and failed to take advantage of the option while it was still alive.

Judgment affirmed.