LYMAN B. CORNELL, APPELLANT, V. TOM TUCK ET AL.,
APPELLEES.

FILED JUNE 19, 1920.    No. 21066.

1. **Continuance.** It is not abuse of discretion to deny a continuance
after the issues have been made up and the cause set for trial, if
the pleading of the party applying for continuance fails to disclose
a meritorious cause of action or defense.

2. **Specific Performance:** SUFFICIENCY OF PETITION. A petition for
specific performance of a unilateral agreement to sell and convey
land upon certain terms, which provides that it shall be in effect
only for a certain period, and shall terminate if the holder fail to
"consummate a purchase" according to its terms within said period,
is fatally defective in the absence of averments showing that the
plaintiff, within the time specified, brought to the knowledge of
the vendor his acceptance of the option and his election to be bound
by its terms.

APPEAL from the district court for Box Butte county:
WILLIAM H. WESTOVER, JUDGE. *Appeal dismissed as
to appellee Tuck, and decree affirmed as to appellees
Walker.*

*Burkett, Wilson, Brown & Wilson,* for appellant.

*Mitchell & Gantz, A. K. Barnes* and *C. C. Flansburg,*
contra.

DORSEY, C.

January 4, 1918, Tom Tuck entered into a written
agreement to sell and convey a quarter section of land in
Box Butte county, Nebraska, to the appellant, Lyman
B. Cornell, or to such purchaser as he might procure
within 30 days, for the sum of $2,180, of which the ap-
pellant paid down $100, and $1,580 was to be paid by
him upon delivery of the deed. The agreement pro-
vided that the land was to be clear except for a mort-
gage of $500 to be assumed by the appellant. Tuck
agreed to furnish an abstract showing a perfect and
marketable title, and to deposit the abstract and a deed

to the land in the Alliance National Bank, to be delivered to the appellant when the payment of $1,580 should be made.

The instrument in question contained the following provision: "It is further agreed by and between the parties hereto that the foregoing contract and agreement shall be in force and effect for the term of thirty (30) days from the date hereof and no longer, and that in case said party of the second part, or a purchaser whom he shall procure, shall not consummate a purchase upon the terms hereinbefore set forth, within such period, all right or claim of said party of the second part under this agreement shall terminate and be at an end."

February 2, 1918, a further agreement was entered into by Tuck extending the time for the expiration of the contract to March 4, 1918. On April 30, 1918, Tuck conveyed the land to the appellee, Jay O. Walker, by warranty deed.

This suit was commenced by the appellant against Tom Tuck and the appellees Walker and wife, for the specific performance of the contract, and the prayer was that, in the event the court should find itself unable to decree specific performance, the appellant might have judgment for damages against Tuck. The appellees Walker filed an answer setting up the defense, in substance, that Tuck had deposited the deed and a proper abstract in the bank in compliance with the contract, but that the appellant had failed to exercise the option to purchase the land or to make the payment provided in the contract within the time limited, and that, in consequence thereof, the contract had terminated and become void, and that the appellees Walker were without knowledge thereof at the time of the conveyance. They prayed that their title be quieted and that the appellant's suit be dismissed. Tom Tuck also filed an answer setting up the same defense and praying that the appellant's suit be dismissed. To these answers the

appellant filed replies in the nature of a general denial.

When the case came on for hearing February 15, 1919, the appellant applied for a continuance on the ground that his principal counsel, H. H. Wilson, of Lincoln, Nebraska, was unable to be present. Upon the refusal of the court to continue the hearing, the appellant declined to offer evidence, and the cause was heard upon the answer and cross-petition of the appellees Walker, and a decree was entered quieting title to the land in the appellee Jay O. Walker.

The question first arising upon the record is whether or not the court abused its discretion in refusing to grant a continuance. As the circumstances appear from the affidavits in support of the motion for continuance, H. H. Wilson was the only attorney employed by the appellant and had the files and papers connected with the case. The case had been set by the court to be heard on February 14, 1919. Mr. Wilson left Lincoln on a regular passenger train scheduled to reach Alliance, where the court was sitting, at 4:50 in the morning of February 14. In consequence of an unusual storm, the train was snow-bound at Aurora, Nebraska, and could not reach Alliance until after February 15. It thus appears from the showing for continuance that the only attorney employed by the appellant was unavoidably prevented from reaching the place of trial, although he used due diligence to be present, and that, if compelled to go to trial in his absence, the appellant would be deprived of the documents connected with the case, and would be exposed to the hazards incident to going to trial without the counsel and assistance of the attorney upon whom he depended. The situation presented at the time of the application in this case was, it occurs to us, of such a nature as would ordinarily justify a continuance for such time, at least, as would be required to restore train service and enable counsel to reach the place of trial.

But the decree ought not to be reversed on the ground of abuse of discretion in refusing to defer the hearing, unless it appears that the appellant had a cause of action, and that, if he had been afforded the opportunity to make proof, his averments, if supported by evidence, would have entitled him to recover.

The contract upon which he sued was unilateral; it was not an agreement by the appellant to purchase the land; it was an agreement on the part of Tom Tuck to sell the appellant the land in question, if the latter should "consummate a purchase" within a certain time, but that otherwise it should terminate. Thus time was unequivocally and expressly made of the essence of the contract. Until acted upon by the appellant it was a mere option to purchase, which did not impose any obligation upon the appellant or give Tuck any right of action against him.

In order to constitute a contract enforceable in a suit for specific performance, there must have been a meeting of the minds of the parties as to the subject of the contract, viz., the purchase and sale of the land. So long as the appellant was not bound to purchase there was no contract. The instrument in question was a mere offer on Tuck's part to sell, operative for a limited time, which could become a contract only in case of acceptance by the appellant in conformity with its terms. This is recognized in the provision that appellant's rights should be at an end if he should not "consummate a purchase" within the prescribed period.

Before a purchase could be said to be consummated, some affirmative action signifying his acceptance of the offer was required of the appellant. Such acceptance would have been clearly manifest if the appellant had, on or before March 4, paid or tendered either to Tuck or to the bank the sum of $1,580. The appellant, in his petition, does not plead any payment or tender within that time or at any later time. He alleges merely that Tuck failed to furnish an abstract showing title

Cornell v. Tuck.

as provided by the agreement, and that he neglected to pay certain interest. Not only is there no allegation of payment or tender, but the petition is also lacking in any averment that the appellant at any time signified or communicated to Tuck in any other way his intention to accept the terms of the option or to consummate a purchase. The appellant was not, it seems clear to us, entitled to rely upon defects in the title or unpaid interest as an excuse for his failure either to pay or tender the money, or to communicate to Tuck by some other method, prior to the expiration of the option, his acceptance of its terms. If he had made known his acceptance before the option expired, circumstances might have transpired in the nature of a waiver of the right on Tuck's part to insist upon payment until the title had been adjusted. In the absence however, of anything that could be construed into an election on the appellant's part, prior to the expiration of the option, to accept and be bound by its terms, we are convinced that the appellant was in no position to insist upon specific performance. *Kelsey v. Crowther*, 162 U. S. 404; *Lockman v. Anderson*, 116 Ia. 236; *Breen v. Mayne*, 141 Ia. 399; *Levy v. Lyon*, 153 Cal. 213.

The appellant's petition being evidently insufficient to sustain a decree for specific performance, he was not prejudiced by the refusal of the court to grant a continuance, if the case is viewed simply as a suit for specific performance. It involved, however, another phase, namely, that of a suit to quiet title, introduced into the case by the prayer of the answer and cross-petition of the appellees Walker. They averred in their pleading, that there was no acceptance or exercise of the option by the appellant within the time limited. It was necessary for the appellant to plead and prove such acceptance as a prerequisite to specific performance. If he was not entitled to specific performance, then the very state of facts that denied him that

relief gave the appellees the right to have the title quieted.

After the continuance was denied the appellant refused to offer evidence in support of his petition, and the case proceeded upon the cross-petition of the appellees Walker to quiet title. Mr. Basye, a local attorney, objected, on the appellant's behalf, to a part of the testimony of one witness, and, at the conclusion of the appellees' evidence, asked leave to dismiss the appellant's case without prejudice. The court granted leave to dismiss so far as the appellant's cause of action was concerned, but declared that, since the appellees were asking affirmative relief, their part of the case could not be dismissed, and entered a decree quieting title in the appellee Jay O. Walker.

At the time the motion to dismiss was made the situation was as follows: The appellees had introduced the testimony of Tom Tuck and of the officer of the bank where the deed and abstract were deposited, showing affirmatively that the appellant had failed to pay or tender the money or otherwise to signify his acceptance of the option. The plaintiff, although present in person, offered no testimony to the contrary. Under these circumstances, the court, we think, was justified in assuming that, since the plaintiff's petition was lacking in those essential averments, and he remained silent while the other parties to the transaction testified that he had not accepted the option, he had no good grounds upon which to maintain either his cause of action for specific performance or his defense to the appellees' cross-petition to quiet title; the vital point in each being essentially the same. When the motion for continuance was overruled, the court was undoubtedly entitled to look to the appellant's petition to see whether it contained the elements of a meritorious cause of action, and, if it did not, to decline to defer the hearing. Since the facts upon which the appellant's right to specific performance depended were identical with those re-

quired to constitute a defense on his part to the cross-petition to quiet title, the appellant, we think, had no better right to a continuance in his attitude as a defendant to the suit to quiet title than as plaintiff in the suit for specific performance. The motion to dismiss, made after all the evidence in support of the cross-petition was in, did not, in our opinion, alter the situation.

Some controversy has been raised as to whether Tom Tuck should be treated as an appellee here, and there is a motion to dismiss the appeal as to him. In view of the record, although it is somewhat confusing upon that point, we believe the motion should be sustained, upon the ground that there was a dismissal of the case against him in the court below.

For the reasons stated, we recommend that the appeal be dismissed as to the appellee Tom Tuck, without prejudice to a future action by the appellant against him, and that the decree of the court below in favor of the appellees Walker and against the appellant be affirmed.

Per Curiam. For the reason stated in the foregoing opinion, the appeal is dismissed as to the appellee Tom Tuck, without prejudice to a future action by the appellant against him, and the decree of the court below in favor of the appellees Walker and against the appellant is affirmed, and this opinion is adopted by and made the opinion of the court.

Judgment accordingly.