LEWIS P. KELSEY, AND ANOTHER, APPELLANTS, v. WILLIAM J. CROWTHER, AND OTHERS, RESPONDENTS.

7    519
f31    458

SPECIFIC PERFORMANCE.—OPTION.—TIME ESSENCE OF CONTRACT.— An option given for the purchase of land for thirty days which contained an agreement to furnish an abstract of title at once, must be performed within the thirty days by tender of the purchase money, and failure to furnish the abstract will not extend the time for payment of purchase money.

CONTRACT.—SALE OF LAND.—CONDITIONS.—*Semble* in an agreement to sell land within a certain time for a certain amount part paid down as earnest money, which provides that the seller must furnish an abstract of title, the furnishing of the abstract is an independent condition which is not precedent to tender of purchase money, and a breach therefor furnishes ground for damages at law, but does not extend the contract.

DOWER.—CONTRACT BY HUSBAND.—COMPELLING WIFE TO PERFORM. —Where husband alone contracts to sell land, the court in a suit for specific performance has no authority to compel wife to convey her dower interest.

CONTRACT.—TENDER ON CONDITION.—Where a tender of purchase money is made on condition that the husband, who has made a contract for the sale of land, will cause his wife to convey her dower interest in the land; *held*, that such tender being upon a condition that could not be required to be performed was not good.

APPEAL from a judgment of the district court of the third district and from an order refusing a new trial. The opinion states the facts, except that the suit was against William J. Crowther and John T. Lynch and William Glasmann. Crowther's wife was not a party to the suit. Lynch and Glasmann held a contract on the land subsequent to the one in suit. The findings of the

court were as follows: That the contract was executed and delivered by Crowther; that at no time within the thirty days did plaintiffs tender the balance of the purchase money, or signify their intention to accept the terms of the contract, or purchase the land, nor did they on the 14th day of October, 1887.

*Messrs. Williams and Van Cott* and *Mr. Orlando W. Powers,* for the appellants.

*Mr. Arthur Brown,* for the respondents.

BLACKBURN, J.:

This is a suit in equity to enforce the specific performance of the following contract: "Salt Lake, Utah, September 13, 1887. Received of Lewis P. Kelsey and J. K. Gillespie the sum of fifty dollars, being part consideration of the purchase price, to-wit, $2,750.00, at which the undersigned agrees and contracts to sell, and by good and sufficient warranty deed convey, free of all liens, to said Kelsey & Gillespie, the following described lot of ground, to-wit: The east thirty (30) acres of the south half of the southwest quarter of section three (3), township one (1) south, of range one (1) west of Salt Lake meridian. Said purchaser to have after this date thirty (30) days for the examination of the title of said premises, and, in case said title is adversely reported on by the attorneys of the said purchasers, then the said part consideration hereby receipted shall be at once returned to said purchasers; but if said title is approved I hereby contract and agree to and with said Kelsey & Gillespie that I will at once, on the payment of said balance of agreed purchase money, to-wit, $2,700.00, duly execute, sign and acknowledge a full and perfect warranty deed conveying to said purchasers the entire title to said

premises, and I agree to at once furnish an abstract of title to said premises and other needful papers."

The complaint alleges a tender of the money, although an abstract was not furnished, a demand for a deed, and the failure to make same.     The answer is a specific denial of the allegations of the complaint.     A trial was had by the court, findings of fact, and a judgment that the complaint be dismissed, from which judgment the plaintiffs appeal.     The testimony is all in the record, and we do not deem it important to review the findings of fact made by the trial court.     The claim of the appellants is that the evidence does not justify the judgment. It shows that the contract was signed and delivered on the 13th day of September, 1887; that the defendants failed altogether to furnish an abstract; that at no time within the thirty days did the plaintiffs offer to pay the purchase money and demand a deed, but on the thirty-first day, October 14, 1887, defendant Crowther went to the office of plaintiffs, and told Kelsey, one of the plaintiffs, that he did not come round yesterday, and that his time was up, and Kelsey said that he had forgotten it, and Crowther further told him that he had forfeited his $50; but he further said—but this Kelsey denies—he offered him back the $50.     This occurred on the street in front of the office of plaintiffs, Crowther being in his buggy with his wife; and Kelsey went immediately into his office, and brought a bag with money in it, and said, "Here is your money," but Crowther drove off, and refused to wait.     Kelsey says the amount of money required was in the bag.     Kelsey further says that the offer of the money was on the condition that Crowther's wife would also sign the deed.     We think this judgment must be affirmed.

1. The contract is an option.     The plaintiffs had thirty days in which to tender the money and demand a deed. By the terms of the contract they did not have thirty-one

days, and, having failed in that time to tender the money, they lost their right to enforce the contract. Nor do we think the failure of the defendant to furnish an abstract extended the time. It might make him liable for damages, but not enlarge or change the terms of the contract.

2. The plaintiff Kelsey says that he offered the money on the condition that the wife of the defendant Crowther would sign the deed. A husband cannot contract away his wife's right of dower. A court of equity has no power on the husband's contract to compel a wife to relinquish her dower rights. Therefore the offer of the money was upon a condition that could not be complied with, and that was not obligatory upon the defendant, and that a court of equity could not enforce, and was no offer at all. 3 Pom. Eq. Jur. § 1400 et seq. We see no reason for the reversal of this judgment. It is therefore affirmed.

ZANE, C. J., and MINER, J., concurred.