## LEE v. POLYHRONES.

No. 3521.   Decided January 6, 1921.   (195 Pac. 201.)

1. FRAUDS, STATUTE OF—EVIDENCE HELD NOT TO SHOW WRITTEN AGREEMENT. In an action for specific performance of a contract for the sale of the land, evidence *held* neither to show that the sale agreement was signed by the owner, nor that the party acting as agent had written authority to contract for the sale as required by the statute of frauds.

2. SPECIFIC PERFORMANCE—NOT GRANTED WHERE CONTRACT INVALID UNDER STATUTE OF FRAUDS. In view of Comp. Laws 1917, §§ 5811, 5817, relating to employment of real estate brokers, and section 5813, making contracts void unless in writing and subscribed by vendor or his lawful agent, in the absence of evidence showing written authority of an agent or proof that the writing was signed by vendor's lawful agent, and also in the absence of equities taking the case out from under such statute of frauds, specific performance cannot be granted.[1]

Appeal from District Court, Seventh District, Carbon County; *Geo. Christensen*, Judge.

Action by Arthur J. Lee against James Th. Polyhrones. From a judgment of dismissal, plaintiff appeals.

---

[1] *Case* v. *Ralph*, 56 Utah 243, 188 Pac. 640.

AFFIRMED.

*L. A. McGee,* of Price, for appellant.

*H. V. Van Pelt,* of Salt Lake City, for respondent.

CORFMAN, C. J.

The plaintiff commenced this action against the defendant in the district court of Carbon county, Utah, to compel the specific performance of a contract for the sale of real property. It is alleged in substance by the complaint that on April 22, 1919, plaintiff and defendant entered into an agreement, duly signed and delivered on the behalf of the defendant by one Stylian Staes, whereby the plaintiff agreed to buy and defendant agreed to sell certain real property situate in Carbon county, Utah, for the sum of $1,800; that at the time of entering into said agreement the plaintiff paid to the defendant a part of the purchase price therefor, to wit, $150, and thereafter, on the 20th day of May, 1919, tendered the defendant the balance due under said contract, $1,650, and demanded a conveyance of the said property, which the defendant then and there and ever since has refused to convey. It is also alleged in the complaint that the said Stylian Staes was at the time said agreement was made and delivered the duly authorized agent of the defendant and empowered by the defendant to sign and deliver the same to the plaintiff in defendant's behalf, although the defendant's name was not then disclosed. The agreement, a copy of which is attached to and made a part of the complaint, upon its face shows that it was entered into and signed by Stylian Staes in his own behalf, and not as an agent of the defendant.

The defendant, in his answer, admitted the ownership of the property described in the complaint, his refusal to convey the same to the plaintiff, and denied all the other allegations of the complaint. As a further defense the defendant affirmatively alleged ''that the pretended agreement referred to in the complaint is void because the same was unauthorized by

defendant, and was not signed by any agent of defendant thereunto authorized by writing required by section 5811 of the Compiled Laws of Utah, and because the alleged agent of the defendant referred to in the complaint was not authorized or employed at any time as agent or broker of defendant to sell the real estate, in writing or at all, as required by section 5817 of the Compiled Laws of Utah.''

Trial was to the court without a jury. At the conclusion of plaintiff's testimony defendant moved for and was granted a dismissal of the action. Plaintiff moved for a new trial, which was denied. The plaintiff appeals, and assigns as errors the trial court's order dismissing the action and in entering a judgment of dismissal thereon; also the denial of plaintiff's motion for a new trial for the reasons:

"Said decision is against the law for the reason that there was sufficient evidence to take the said contract out of the statute of frauds, and for the further reason that the defendant, as shown by the said evidence, was estopped to deny the appointment of the said agent."

It appears from the evidence that the contract for which specific performance is sought by the plaintiff was made and delivered on April 22, 1919. Upon its face it purports to be the contract of the signer, Stylian Staes, for himself, not a contract entered into for and in behalf of the defendant, the then supposed owner of the property with respect to which the contract was made. Stylian Staes, the alleged agent of defendant, was produced as a witness in behalf of the plaintiff, and he testified:

"I did not own the property described in the agreement. I was for five years acting as the agent of the owner, Gust Papadimidrou, who gave me authority to sell the property in 1914 or 1915. He was putting ads in the newspapers all over the state, giving authority to sell the property, and that was going on until this man went to war. Very close to the date of this agreement Mr. Lee [the plaintiff] came to me and asked me about the property; asked if I had authority to sell. I told him the owner was in France, but it seemed to me that he had somebody in Park City, and I would send or phone, or find out in Park City if he would like to sell. I sent a letter to Gust Papadimidrou, and the reply I received was another letter from a person known as A. Polyhronopoulos, who wrote me: 'Replying to your letter

of Jan. 5th, I inform you that Mr. Papadimidrou is in France. He has left appointed as his attorney in fact D. Polyhronopoulos, who is asking for the said property between $1,500.00 to $1,800.00. Write me for how much you can sell it.' "

The witness said that there was an advertisement placed in a local paper, the Price Sun, of September 28, 1917, on the fifth page, as follows:

"Only $1,000.00. You can buy the best business lot located just east of the Turner building, 30x100 feet. Hurry before it will be too late. Inquire of Stylian Staes, P. O. Box 261, Price, Utah."

The witness testified further:

"The advertisement was placed in the paper by the owner of the lot, Mr. Papadrimidrou. * * * I don't know whether or not Polyhrones [defendant] had anything to do with the ad or not. The owner paid for it. Mr. Lee approached me about purchasing the property about the 1st of January, 1919. I telephoned to Park City about it. I got the telephone number from the letter, and I explained to the man Polyhronopoulos—there are two of that name, and I don't know which one I talked to— I told him I had a buyer for them figures, and asked him if he was willing to come and sell, and they tell me that they will get the train and be here next day."

The witness further testified that he personally received the $150 paid on the purchase price of the property, and thereupon he made and delivered the contract in question to the plaintiff. The witness also testified that a couple of days later the defendant called upon him at Price, and announced his unwillingness to sell.

The evidence of the witness Stylian Staes, above referred to, is practically the only evidence in the record bearing on the question of his authority to enter into the agreement of which plaintiff seeks specific performance.

Comp. Laws Utah 1917, § 5817, pleaded in the answer of defendant, among other things, provides:

"In the following cases every agreement shall be void, unless such agreement or some note or memorandum thereof be in writing and subscribed by the party to be charged therewith. * * * (5) Every agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission." Case v. Ralph, 56 Utah 243, 188 Pac. 640.

It will be observed that the advertisement relied on by the plaintiff as authorizing Staes to sell the property merely calls attention to the fact that the property may be bought for a price stated.   The advertisement is unsigned. It directs the parties who may become interested to        1 "inquire of Stylian Staes."   It is not shown by the evidence that the defendant even authorized the advertisement, unless it be assumed from the fact, admitted in the record, that defendant paid for the advertisement.   Indeed, it is not made to appear from the record that the defendant was the owner of the property at the time when the contract made between plaintiff and Staes was entered into.

Under Comp. Laws Utah 1917, § 5813, it is provided that every contract for the sale of lands shall be void unless some note or memorandum thereof is in writing and subscribed by the party by whom the sale is to be made or by his lawful agent thereunto authorized in writing.

For the reasons assigned, and in view of the provisions of our statutes referred to, we are of the opinion that in the absence of equities taking the case under considera-        2 tion out of the statute of frauds, of which none such appear in the record, the trial court was powerless to do otherwise than to grant the defendant's motion for a dismissal of plaintiff's action and enter judgment accordingly.

The judgment of the district court is affirmed with costs.


WEBER, GIDEON, THURMAN, and FRICK, JJ., concur.