## GIBBS v. MORGAN et al.

No. 6363. Decided October 27, 1941. (118 P. 2d 128.)

See 66 C. J. Vendor and Purchaser, sec. 27; 27 R. C. L., 343 (8 Perm. , p. 5966). Supp.

*Paul E. Reimann,* of Salt Lake City, for appellant.

*Ball & Musser,* of Salt Lake City, for respondent.

MOFFAT, Chief Justice.

This action was filed October 23, 1931. The matter did not come to trial until July 12, 1937. In the meantime the defendants, J. W. Morgan and Harriet A. Morgan, had died. We need not recount the events before the matter finally

reached trial on the 7th day of November, 1940, except as may be necessary in the solution of the problem.

It is necessary to show what the original suit was about and the final issues and solution arrived at by the trial court. The findings of the court show what was done better than an analysis of the complaints, amended complaints, demurrers, answers and motions forming part of the record.

The court found that since the commencement of the action John W. Morgan and Harriet A. Morgan had died; that no substitution for said defendants was made and said defendants or their representatives were not represented in court by counsel or otherwise.

That on May 18, 1931, the individual defendants executed and delivered a written option for a period of ninety days after its date to the plaintiff to purchase the property described.

The option reads, insofar as material:

"Know All Men by These Presents, that J. W. Morgan and Harriet A. Morgan, his wife, of Salt Lake County, State of Utah, parties of the first part, in consideration of the sum of $25.00—Twenty-five Dollars to us in hand paid by Lauren W. Gibbs, party of the second part, hereby give and grant unto the said party of the second part, and his assigns, the option and right to purchase at any time during the following 90 days from date, the premises hereinafter described, for the purchase price of Twenty-five Hundred Dollars, to be paid to said parties of the first part at Salt Lake City upon the exercise of said option. The party of the first part before said payment is requested to be made and before this option shall terminate or the term expire, shall deliver to the second party a certified abstract of title showing title in themselves in fee, together with a good and sufficient deed conveying the title in fee, to said described property to the said party of the second part, or his assigns. Time is the essence of this contract."

The property is then described.

The court found that the option was never exercised by the plaintiff or otherwise within the 90-day period.

A finding is made as to the market value which in view of the solution at which we have arrived is immaterial.

The court also found:

"That the specific performance of said option agreement was made impossible by the individual defendants."

That the amended complaint was a departure from the original complaint, and that the causes of action in the amended complaint were barred by the statute of limitations.

Conclusions of law and judgment were entered in harmony with and upon the findings made.

Plaintiff appeals.

Five points have been submitted for our consideration. The third point is the most important and is controlling as to the others.

It is argued that the court erred in entering findings of fact to the effect that the option executed by the Morgans expired in 90 days. This point turns upon the construction of the option heretofore set out in full.

Let us examine the language of the option. Lauren W. Gibbs was by the Morgans given "the option and right to purchase at any time during the following 90 days from date." Standing alone it would be difficult to put into an option a clearer 90 day limitation than is found in the language just quoted.

The option is a printed form with blank spaces left to be filled in. It is dated the 18th day of May, 1931. "The following 90 days" is filled in one of the blank spaces provided for the fixing of the time the option is to run. This phrase is in long hand.

Farther on in the option the following language, as part of the printed form, occurs.

"The party of the first part [Morgans] before said payment is requested to be made and before this option shall terminate or the term expire shall deliver to the second party an abstract of title."

If effect is to be given to the phrase "the following 90 days from date" without changing the limitation thus made, the matters later referred to were contemplated to be done within the 90-day period. "Before this option shall terminate", it seems to us, refers to the "90-day option." It may be said this tends to assume or beg the question. Again, however, "or this term expire" refers to what term? It must refer to the "90-day" term. There is no other term or period of termination to which it can refer. What would start the "90-day" period running if the option itself were not a 90-day option? To say that the term was not to expire until "payment was requested or the time begin to run" requires a total disregard of the "90-day" option clause. Or to say that the time was not to begin to run on the 90-day period until abstract and deed were tendered requires a total disregard of the words "from date." To make the option a continuing option puts the optioners, the Morgans, in the position that the optionee could wait his own good time for the optionors to move. Or even though they refused to furnish an abstract or tender a deed, giving literal construction to the words "before this option shall terminate or the term expire" nothing could set the time in motion notwithstanding time is the essence of the contracts.

It must follow of necessity that the option expired 90 days from the date of its making.

The trial court found:

"That said option was never exercised by plaintiff or for or on behalf of said plaintiff within the ninety day period mentioned in said option or otherwise or at all."

We think the construction of the option and the evidence sustains that finding. The other points argued by appellant group around and are to a great extent dependent upon the point decided. The other claimed errors need not be discussed.

Judgment is affirmed. Respondent to recover costs.

LARSON, McDONOUGH, and PRATT, JJ., concur.

WOLFE, Justice (concurring).

I concur. The principles set out in *Kelsey* v. *Crowther*, 7 Utah 519, 27 P. 695, *Id.*, 162 U. S. 404, 16 S. Ct. 808, 40 L. Ed. 1017, control. The case of *Thomas* v. *Johnson*, 55 Utah 424, 186 P. 437, is not in point. In that case defendant Johnson definitely stated that he would not perform under the option he had given. That assertion amounted to a repudiation of the option by the optionor and dispensed with any necessity of such action as would show the decision to exercise it. If Gibbs, in this case, before the 90 days had elapsed, had stated to the optionors that he would exercise his option, he would be in the same position as Thomas in *Thomas* v. *Johnson*, supra. He could have stated that he would exercise the option but insisted on obtaining the abstract of title before tendering the money and taking the deed. The failure to furnish an abstract within the 90 day period is not equivalent to a refusal to perform nor did it toll the 90 day period nor dispense with the requirement that Gibbs convert the option (offer) into a contract by exercising the option within the 90-day period. It is in that respect that plaintiff's contention fails. As stated in the Kelsey case, there may be a liability on the part of the Morgans or their estates for failure to comply with the conditions of the option. As to that we need not decide.