Brady Land Company, Appellant, *v.* Bell Telephone Company of Pennsylvania.

Argued October 9, 1962. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

reargument refused May 20, 1963.

*Guy L. Warman,* with him *John A. Metz, Jr.,* and
*Metz, Cook, Hanna & Kelly,* for appellant.

*James M. Arensberg,* with him *Patterson, Crawford,
Arensberg & Dunn,* for appellee.

OPINION PER CURIAM, March 19, 1963:

This is an appeal from a judgment of compulsory
nonsuit in an action of assumpsit on two alternative
counts.

Appellant, the owner of a building, entered into ne-
gotiations with agents of appellee for lease of the
building to appellee for a ten year term. The negotia-
tions culminated in appellee's agents submitting a lease
which appellant signed and returned to appellee. Ap-
pellee never signed the lease and some months later
indicated that it would not enter into the lease. Ap-
pellant sued in assumpsit on two counts. The first
count sought the difference between the rent stipulated
in the proposed lease and the rent for which appellant
leased the premises after appellee's alleged default.

The second count sought in the alternative, expenses for remodeling the building, legal fees and rent lost while appellant held the premises for appellee, allegedly at appellee's request. The court below granted a compulsory nonsuit at the close of appellant's case.

The court below held that no lease existed because there was no evidence that *defendant's (appellee's) agent was authorized in writing to enter into a lease.* The Landlord and Tenant Act of April 6, 1951, P. L. 69, 68 P.S. §250.202 provides as follows: "Real property, including any personal property thereon, may be leased for a term of more than three years *by a landlord to a tenant or by their respective agents lawfully authorized in writing.* Any such lease must be in writing and signed by the parties making or creating the same, otherwise it shall have the force and effect of a lease at will only and shall not be given any greater force or effect either in law or equity, notwithstanding any consideration therefor, unless the tenancy has continued for more than one year and the landlord and tenant have recognized its rightful existence by claiming and admitting liability for the rent, in which case the tenancy shall become one from year to year." (Emphasis supplied).

This section bars the appellant from recovery on the proposed lease and therefore the second count fails.

The court properly granted the compulsory nonsuit.

Judgment affirmed.