Burg, Appellant, *v.* Betty Gay of Washington, Inc.

Argued October 6, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused January 12, 1967.

*John A. Metz, Jr.,* with him *David C. Baldus,* and *Metz, Cook, Hanna & Kelly,* and *Alpern & Alpern,* for appellant.

*Gilbert J. Helwig,* with him *G. Donald Gerlach, John H. Davidson,* and *Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY MR. JUSTICE COHEN, November 28, 1966:

This is an appeal by plaintiff from the action of the court below granting defendant's motion for judgment on the pleadings. Action was instituted by a complaint in assumpsit alleging the breach by defendant as lessee of a written twenty-one year lease agreement with plaintiff, in which agreement a third party was named as lessor. Plaintiff sued as the real party in interest, despite the fact that his signature does not appear on the lease. Rather, the lease was signed by the third party and the president of defendant corporation. The terms of the lease agreement are quite detailed and several issues have been raised with respect thereto. However, we find it necessary to discuss only one issue in order to dispose of this matter.

With respect to leases for a term of more than three years, The Landlord and Tenant Act, Act of April 6, 1951, P. L. 69, §202, 68 P.S. §250.202, provides in relevant part: "Real property . . . may be leased for a term of more than three years by a landlord to a tenant or by their respective agents lawfully authorized in writing. . . ." Thus, the law in Pennsylvania is clear that if a lease covers a term in excess of three years, the authority of the agent for each party must be in writing. *Brady Land Company v. Bell Telephone Company of Pennsylvania*, 410 Pa. 636, 190 A. 2d 568 (1963) (as to lessee's agent); *Willis-Winchester Co. v. Clay*, 293 Pa. 513, 143 Atl. 227 (1928) (as to lessor's agent).

In the instant matter, plaintiff concedes that the third party, his straw man, had no written authorization to enter into the lease agreement on his behalf. He contends, however, that by instituting suit on the lease agreement, he ratified the act of his agent. Plaintiff is incorrect for two reasons. If ratification is relied upon in order to establish the authority of the agent, it must be in writing (Stern's Trickett on the Law of Landlord and Tenant in Pennsylvania, 3d Ed. 1961,

22.) and executed prior to any effective renunciation by the lessee of the lease agreement. Otherwise, the defense of statute of frauds will be available only to the lessor, which result would be totally inconsistent with the requirement of mutuality of obligation of contracts and with the settled policy that either party may raise the defense of the statute of frauds. *Haskell v. Heathcote,* 363 Pa. 184, 69 A. 2d 71 (1949).

In the present case, the only written ratification alleged is the complaint in assumpsit, which may or may not be sufficient to satisfy the statute of frauds. That question need not be decided, because prior to plaintiff's signing and filing the complaint, defendant had disavowed any obligation under the lease agreement. Defendant never entered into possession of the premises, nor did defendant at any time pay rent to plaintiff. Accordingly, the statute of frauds is a bar to plaintiff's cause of action.

Judgment affirmed.