465 P.2d 356

**Alan H. COOMBS, Plaintiff
and Appellant,**

**v.**

**Arthur OUZOUNIAN and Sylvia Ouzounian,
Defendants and Respondents.**

No. 11720.

Supreme Court of Utah.

Feb. 17, 1970.

Stuart L. Poelman, of Worsley, Snow & Christensen, Salt Lake City, for appellant.

Wendell R. Jones, Salt Lake City, for respondents.

CALLISTER, Justice:

Plaintiff initiated this action to compel specific performance of an option agreement for the sale of the defendants' jointly owned residence and adjoining real property. The trial court rendered judgment for the defendants, and plaintiff appeals.

On July 9, 1966, plaintiff and defendants executed an option agreement for a consideration of $100 for a time period from June 9, 1966, to January 31, 1967. The trial court found that this option was not exercised by plaintiff. The parties then entered into a new option agreement, which ran from January 30, 1967, to July 30, 1967. The trial court found that this option was not exercised. Sometime in June of 1967, plaintiff invited defendant Arthur Ouzounian to his home and requested an extension of the option period to September 30, 1967. Plaintiff crossed out the July expiration date on the option and substituted the September date. Plaintiff and Mr. Ouzounian signed the margin of the agreement by this substitution. Mr. Ouzounian asserted and the trial court so found that he signed on the condition and with the understanding that plaintiff would get the signature of Mrs. Ouzounian. Plaintiff denied that the signature was of a conditional nature. The trial court further found that Sylvia Ouzounian, Arthur's wife, made no representations or promises to plaintiff respecting the option, nor did she agree, consent, or sign the option extension. The trial court concluded as a matter of law that Sylvia Ouzounian was not bound; and since her husband, Arthur, signed conditionally, he was not bound.

Since this is a case in equity, this court reviews both questions of law and fact and determines whether the judgment is supported by a preponderance of the evidence; however, our review is in the light most favorable to the findings of the trial

court, who heard the evidence and observed the witnesses.[1]

Plaintiff contends that he exercised the option in June, when he telephoned Arthur and informed him that he was leaving for Europe and would like to exercise the option prior to his departure. There is no assertion that plaintiff gave notice to joint tenant Sylvia. Arthur, upon request, went to plaintiff's home, whereupon the extension to September 30 was conditionally granted by Arthur. Plaintiff has devoted a significant portion of his brief, quoting testimony which he believes indicates that Arthur did not sign conditionally and that the trial court erred in so finding. This fact was controverted, and it was the prerogative of the trial court to assess credibility.

The execution of the extension itself is inconsistent with plaintiff's argument that he had previously exercised the option. Furthermore, the agreement provided that upon exercise of the option buyer shall pay $3,000 as down payment. Plaintiff never tendered this sum until October 2d.

If an option contract provides for payment of all or a portion of the purchase price in order to exercise the option, the optionee, to be entitled to a conveyance, must not only accept the offer but pay or tender the agreed amount within the prescribed time.[2]

In the instant action, defendants pleaded the statute of frauds, specifically Sections 25–5–1 and 25–5–3, U.C.A., 1953. Plaintiff contends that Arthur was the agent of his wife, Sylvia, when he granted the extension to September 30, and that Sylvia was estopped to assert the statute of frauds by reason of her failure to contact plaintiff and inform him that she would not honor the extension. In the alternative, plaintiff argues that Sylvia's failure to repudiate her husband's act or by her silence constituted a ratification of her husband's authority which removed the bar of the statute of frauds.

Section 25–5–3, U.C.A., 1953, provides:

Every contract * * * for the sale, of any lands, or any interest in lands, shall be void unless the contract, or some note or memorandum thereof, is in writing subscribed by the party by whom the lease or sale is to be made, or by his lawful agent thereunto authorized in writing.

An option to purchase is an interest in real estate and is within the statute of frauds.[3] An extension of a contract which

1. West v. West, 16 Utah 2d 411, 413, 403 P.2d 22 (1965); Reimann v. Baum, 115 Utah 147, 152, 203 P.2d 387 (1949); Provo City v. Jacobsen, 111 Utah 39, 42, 176 P.2d 130 (1947).

2. Miller v. Carmody, 152 Colo. 353, 384 P.2d 77, 79 (1963).
3. Knight v. Chamberlain, 6 Utah 2d 394, 397, 315 P.2d 273 (1957).

is required to be in writing is not enforceable, by the majority rule, in the absence of an estoppel, if it does not comply with the statute of frauds.[4]

In O'Banion v. Paradiso,[5] the court stated that any contract by a husband affecting the wife's interest in land is unenforceable against her in the absence of a written authorization signed by the wife, since there is no husband-wife exception to the statute of frauds. The court observed that the wife admitted in her deposition that she knew her husband was selling the property to plaintiff and that she intended him to do so. However, since the wife was not bound by her husband's actions, whatever effect her acquiescence might have had was ended when she granted her interest in the property to a third person. Such an act amounted to a tacit repudiation of any conflicting oral agreement on her part.

■ Plaintiff testified that defendant-husband stated prior to his subscribing the extension that wife, Sylvia, did not want to sell the property. Under such circumstances, there is no basis upon which one can construct an agency relationship. Plaintiff, an attorney, knew that the exten-

sion to be binding must also be subscribed by Sylvia.

■ In the instant action, there is nothing in the record to indicate that Mrs. Ouzounian made any representation to plaintiff that her husband was her agent. She dealt personally with plaintiff and represented herself during the negotiations that culminated in the two option agreements. Her failure to contact plaintiff when she was informed by her husband that he had signed the extension appears more consistent with her husband's account that plaintiff would contact her and procure her signature. Plaintiff proffers no reason why he failed to contact Mrs. Ouzounian. A party, claiming an estoppel, if at the time he acted had knowledge of the truth or had means by which with reasonable diligence he could acquire the knowledge so that it would be negligence on his part to remain ignorant by not using those means, cannot claim to have been misled by relying upon the representations or concealment.[6]

■ Plaintiff's assertion that an equitable estoppel is applicable to the instant fact

---

4. Kammert Bros. Enterprises v. Tanque Verde Plaza Co., 4 Ariz.App. 349, 420 P.2d 592, 603 (1966); also see Combined Metals, Inc. v. Bastian, 71 Utah 535, 569, 267 P. 1020 (1928), wherein this court held that if the original contract to be binding and enforceable was required to be in writing and subscribed by the party to be charged to satisfy the statute of frauds, any alteration or modification of any of its material parts or terms by a subsequent agreement must also be in writing and so subscribed.

5. 61 Cal.2d 559, 39 Cal.Rptr. 370, 393 P.2d 682, 685 (1964).

6. 28 Am.Jur.2d, Estoppel and Waiver, Sec. 81, p. 724.

situation is deficient in regard to a most vital element, namely, in what manner did plaintiff proceed in performance or pursuance of his contract, and thus to alter his position and what unjust and unconscionable loss has he sustained in reliance on Sylvia's silence?

Finally, plaintiff contends that when he met with defendants on October 2d, Sylvia ratified her husband's agency by her failure to repudiate his prior acts and by her expression of a willingness to sell to plaintiff. Since both defendants upon this date considered that the option had expired, this argument is without merit. The instant action is clearly distinguishable from a fact situation, wherein the principal has retained and enjoyed the benefits of a bargain and is therefore held to have ratified his agent's unauthorized acts so as to take the contract out of the statute of frauds.[7]

The record in the instant action does not support plaintiff's theory of estoppel or ratification so as to preclude defendants' plea of the statute of frauds. The judgment of the trial court is affirmed; costs are awarded to defendants.

CROCKETT, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.

7. See Alma Investment Corporation v. Wilson, Okl., 385 P.2d 501, 503 (1963).