**Farrell NANCE and Juanita Nance, Plaintiffs and Appellants,**

v.

**Eldon SCHOONOVER and Evelyn B. Schoonover, Defendants and Respondents.**

No. 13471.

Supreme Court of Utah.

April 23, 1974.

Jackson B. Howard, Howard, Lewis & Petersen, Provo, for plaintiffs and appellants.

J. Francis Valerga, Ivins & Valerga, American Fork, for defendants and respondents.

TUCKETT, Justice:

The plaintiffs and the defendants entered into an option agreement on January 29, 1972. The plaintiffs filed these proceedings in the court below seeking a decree of specific performance of the option. From an adverse decision the plaintiffs appeal.

The material portion of the option is as follows:

KNOW ALL MEN BY THESE PRESENTS: That we, Eldon Schoonover and Evelyn B. Schoonover, husband and wife, of Pleasant Grove, Utah, the parties of the First Part, in consideration of the sum of One Thousand Dollars, ($1000.00) to them in hand paid by Farrell Nance and Juanita Nance, his wife, who are now moving to Pleasant Grove, Utah, the parties of the Second Part, hereby give, bestow and grant unto the said parties of the second part, and their assigns, the irrevocable option and right to purchase at any time before January 30th, 1973 at 12:00 o'clock P.M. the real property hereinafter described, together with all improvements thereon. The agreed purchase price for said real property is $18,000. If parties of the Second Part exercise this option and purchase said property, they shall be entitled to credit for the option price of $1000.00 making the remaining purchase price to be paid in cash $17,000.00. Should they fail to exercise this option then the said $1000.00 option price shall be forfeited to the First Parties as liquidated damages.

The parties of the First Part, before said payment is required to be made and before this option shall terminate or the term expire, shall deliver to Second Parties, an abstract of title showing title in themselves in fee, together with a good and sufficient warranty deed conveying the title to said parties of the Second Part free and clear of all liens and encumbrances.

Time is of the essence of this agreement.

The day prior to the expiration of the option the plaintiffs through their attorney notified the defendants of their intention to exercise the option. The plaintiffs' at-

torney requested Eldon Schoonover to furnish an abstract of title in sufficient time so that it could be examined prior to the completion of the transfer of title. The abstract was delivered a few minutes before noon, January 30, 1973. It would appear that there was some uncertainty in the minds of the parties as to whether the option expired at noon. After it became apparent that midnight was the time of expiration, the parties arranged a meeting during the evening. Plaintiffs and their lawyer and the defendants and their counsel met at the home of one of the parties for the purpose of completing the option agreement. At that time Mr. Nance told the defendants and their counsel that he intended giving them a personal check in the amount of $17,000 to pay for the property and to obtain the deed. The defendants, through their attorney informed the plaintiffs that the personal check was not acceptable as it did not constitute legal tender. In this connection Mr. Schoonover testified that on January 29 he had informed the plaintiffs' attorney that a cashier's check would be necessary to complete the transaction. However, that testimony was disputed by plaintiffs' attorney. No further tenders were made by the plaintiffs.

The trial court found the $17,000 had not been tendered in cash prior to midnight January 30, 1973, that the option had expired and refused to decree the specific performance.

 It is the plaintiffs' contention that their tender of a personal check was sufficient to exercise the option and further that their tender in their complaint is sufficient tender to entitle them to specific performance. We are of the opinion that the court's finding that the option had not been exercised in the period specified in the option must be upheld. This court has long adhered to the rule that an option must

be exercised in accordance with its terms.[1] The option here under consideration obligated the plaintiffs to pay the $17,000 in cash within the period specified and the tender of a personal check in lieu of cash did not comply with the terms of the agreement. An option of almost identical language was before this court in the case of Gibbs v. Morgan[2] wherein the court reached a similar decision. An earlier case of Kelsey v. Crowther[3] dealt with an option of similar import and a similar fact situation and with similar result that we have reached here.

Affirmed. Costs to respondents.

CALLISTER, C. J., and HENRIOD, J., concur.

ELLETT, Justice (dissenting):

I dissent.

The agreement did not require payment as a condition to exercising the option to purchase. The terms of the option required the Schoonovers to ". . . give, bestow and grant unto the said parties of the second part [Nances], and their assigns, the irrevocable option and right to purchase at any time before January 30th, 1973 at 12:00 o'clock P.M." the realty.

The law is clearly set out in 91 C.J.S. Vendor and Purchaser § 10 as follows:

Payment or tender is not essential to acceptance unless the option instrument makes it a condition precedent to, or a part of, or necessary to, the acceptance or the exercise of the option; in such case payment must be made within a reasonable time after acceptance.

The option agreement further provided that "before said payment is required to be made and before this option shall terminate or the term expire," the Schoonovers must deliver an abstract of title showing title in

---

1. Sieverts v. White, 2 Utah 2d 351, 273 P.2d 974; Lincoln Land and Development Co. v. Thompson, 26 Utah 2d 324, 489 P.2d 426; Miller v. Carmody, 152 Colo. 353, 384 P.2d 77; Coombs v. Ouzounian, 24 Utah 2d 39, 465 P.2d 356.

2. 101 Utah 66, 118 P.2d 128.

3. 7 Utah 519, 27 P. 695.

themselves in fee, together with a good and sufficient warranty deed conveying the title to the Nances free and clear of all liens and encumbrances. It then provided, "Time is of the essence of this agreement."

That last sentence means that the option must be *exercised* on or before January 30th, 1973, at 12:00 o'clock P.M.

Mr. Schoonover delayed in delivering the abstract of title. He thought 12:00 o'clock P.M. meant noontime. He testified as follows:

Q. What did he say in that regard?

A. He said, "I want the abstract in the morning so I can look it over."

Q. What did he say in regard to the noon hour?

A. He said he had to have sufficient to read the abstract over and check through the abstract, and I told him that there was nothing in the option whatsoever that I had to deliver that abstract to him one minute ahead of noon so he could study it over.

Not only does the prevailing opinion err in assuming that payment was a prerequisite to exercising the option, but it also misinterprets the meaning of "cash" in the sentence: "If parties of the Second Part [Nances] exercise this option and purchase said property, they shall be entitled to credit for the option price of $1000.00 making the remaining purchase price to be paid in cash $17,000.00." This sentence clearly shows that the payment was not a prerequisite to the exercise of the option. Payment was to be in cash *after* the option was exercised. A payment in *cash* is to be distinguished from payment *on time*. The word "cash" is defined in the American Heritage Dictionary as ". . . 2. Payment for goods or services in money or by check."

The Schoonovers had received a check from the Nances for $1,000.00 as a payment for the option. The check tendered by the Nances for $17,000.00 was also good. Mr. Schoonover had delayed matters until the banks were closed, and it was not possible for Mr. Nance to secure legal tender in payment until the next morning during banking hours. Besides, under the law, once an option is exercised, the parties have a *reasonable* time in which to make payment and delivery of the deed.

The main opinion cites three Utah cases in footnote 1, none of which is in point.

Sieverts v. White, 2 Utah 2d 351, 273 P. 2d 974 (1954), was a suit to cancel a uniform real estate contract. The purchasers were in arrears and were given a time in which to make the payments current. On August 7, 1951, one day prior to the last day for payment, they mailed a registered letter to the vendors advising that they were "ready to present" a check in the required amount. This court held that an *offer* to send a check was not a tender.

In Lincoln Land & Development Company v. Thompson, et al., 26 Utah 2d 324, 489 P.2d 426 (1971), there was an option containing the following language: "The Buyer may exercise this 'Option' by notice in writing of intent to exercise delivered to the undersigned by registered mail * * * together with a tender of the $5800 balance of the down payment." The optionee attempted to exercise the option by letter but did not tender the $5800 by check or otherwise. This court simply held that he did not exercise the option according to its terms.

Coombs v. Ouzounian, 24 Utah 2d 39, 465 P.2d 356 (1970), was also a case where the option by its terms could be exercised only by paying money. This court said:

If an option contract provides for *payment of all or a portion of the purchase price in order to exercise the option,* the optionee, to be entitled to a conveyance, must not only accept the offer but pay or tender the agreed amount within the prescribed time. [Emphasis added.]

The main opinion in relying on the above-cited cases shows clearly that it does not distinguish between exercising an option and making payment pursuant thereto. The option in the instant matter did not require payment as a condition of exercis-

ing it. The option was exercised pursuant to its terms, and the Nances tried to pay cash for the land.

I would reverse the judgment and remand the matter with directions to enter judgment for the Nances and give them ten days after remittitur in which to pay the price agreed upon. I would also award costs to the appellants.

CROCKETT, J., concurs in the views expressed in the dissenting opinion of EL-LETT, J.