Carl E. FISCHER, Jr., and Lillian Fischer, his wife, Plaintiffs and Respondents,

v.

Lester H. JOHNSON and Mary Johnson, his wife, Defendants and Appellants.

No. 13530.

Supreme Court of Utah.

Aug. 6, 1974.

11.  Barker v. Dunham, 9 Utah 2d 244, 342 P. 2d 867.

F. Robert Bayle, of Bayle & Lauchnor, Albert J. Colton, of Fabian & Clendenin, Salt Lake City, for defendants and appellants.

James P. Cowley and Gary L. Paxton, of Pugsley, Hayes, Watkiss, Campbell & Cowley, Salt Lake City, for plaintiffs and respondents.

CROCKETT, Justice:

Plaintiffs sued to compel specific performance by the defendants of an earnest money agreement executed in anticipation of entering into a contract of purchase of the defendants' restaurant, known as Quail Run, in southeast Salt Lake County, together with a residence and surrounding property. The defense interposed was that the plaintiffs had not themselves complied with their covenants under the agreement. Upon a trial to the court, findings and judgment were entered for the plaintiffs. Defendants appeal.

It is unquestioned that the plaintiffs did not make payment as the agreement provided. The position essayed by them and adopted by the trial court is that actions of the defendants in leaving town and thus making themselves unavailable for closing the transaction was an anticipatory breach; and that inasmuch as the plaintiffs made some efforts to notify defendants that they were ready and willing to perform, they were entitled to specific performance.

In attacking that determination, defendants urge that notwithstanding their own conduct, there is no basis in the evidence to justify a conclusion that the plaintiffs sufficiently performed, or tendered performance, of their own obligations upon which to predicate a right to insist on specific performance by the defendants.

■■ We appreciate the correctness of the plaintiffs' assertion: that under usual circumstances one party to a contract (such as defendants) cannot act designedly to make it difficult or impossible for the other party to perform, then invoke a defense of nonperformance.[1] But it is also true that specific performance is a remedy of equity; and one who invokes it must have clean hands in having done equity himself. That is, he must take care to discharge his own duties under the contract; and he cannot rely on any mere inconvenience as an excuse for his failure to do so.[2] Even if inconvenience or difficulty is encountered, he must make an effort to

1. Cummings v. Nielsen, 42 Utah 157, 129 P. 619.

2. See Wimer v. Wagner, 323 Mo. 1156, 20 S. W.2d 650, 79 A.L.R. 1231; Kinberger v. Drouet, 149 La. 986, 90 So. 367; Maughlin v. Perry, 35 Md. 352; and see annotation, 147 A.L.R. 1312.

perform, or to tender performance, which manifests reasonable diligence and a bona fide desire to keep his own promises.

The earnest money agreement was excuted February 17, 1973. It provided for a sale price of $300,000; a payment of a $2,000 earnest money deposit by plaintiffs, which was paid at the time; payment of $3,000 when the seller approved the sale; payment of $75,000 upon the execution of a final contract of sale; and the remainder on terms, immaterial here. It also provided that the approval of the sale by the seller and entry into the final contract were to be completed by March 19, 1973. This was all made subject to a prior option to purchase which defendants had given National Land Company, which was to expire March 15, 1973.

March 15 passed without National Land Company exercising its option. Thus plaintiffs had four days, until March 19, in which to complete the contract and close the deal. There is evidence that on March 16 the real estate agent advised defendants that the plaintiffs wanted to meet with them and close the transaction on March 19; and that the defendants told him that they were leaving town and would not be back until March 22; and also that on March 21, the defendants informed the plaintiffs, through their attorney, that they did not desire to go through with the deal. Howsoever those facts may be, the defendants actually did return to their residence at about 4:00 p. m. March 19.

In addition to the foregoing, the plaintiffs' evidence in support of their contention that they had sufficiently tendered performance on their own part to require performance by the defendants is as follows: that on the afternoon of March 19 they went to the premises of the defendants and, the latter being absent, plaintiffs delivered to an employee of the defendants, a notice which stated that they were ready and willing to enter into and perform the purchase contract as planned. They also delivered a copy of the notice to the real estate agent, and mailed one to the defendants. However, it is conceded that the plaintiffs were not then prepared to tender, and that they did not tender the $3,000 payment prerequisite to entering into the contract of sale. Neither did they indicate that they had available the $75,000 which was to be paid upon the execution of the contract.

We revert to an analysis of those facts in the light of the applicable principles of law: There is undoubtedly a basis in the evidence to justify a conclusion that the actions of the defendants created some degree of difficulty or inconvenience for the plaintiffs. Nevertheless, we cannot see therein any basis upon which it could reasonably be concluded that the plaintiffs discharged the duty which the law imposes upon them of attempting with reasonable diligence and good faith to do what the agreement required of them. They did not fulfill that obligation by simply serving the notice of willingness to go forward, and yet failing to tender the required $3,000 payment.[3]

The plaintiffs having so failed to put themselves in the position to demand specific performance, the judgment and decree to that effect cannot properly be sustained and it is therefore reversed. Costs to defendants (appellants).

CALLISTER, C. J., and HENRIOD, ELLETT and TUCKETT, JJ., concur.

---

3. This court has held in a number of cases that in order to claim specific performance, a party must either perform or tender performance, in accordance with the covenants in his contract; See Nance v. Schoonover, Utah, 521 P.2d 896; Sieverts v. White, 2 Utah 2d 351, 273 P.2d 974; Coombs v. Ouzounian, 24 Utah 2d 39, 465 P.2d 356.