**PARKS ENTERPRISES, INC.,**
**Plaintiff and Appellant,**

v.

**NEW CENTURY REALTY, INC., John**
**A. Riding and Cleo B. Mason,**
**Defendants and Respondents.**

No. 17652.

Supreme Court of Utah.

Aug. 23, 1982.

Richard D. Bradford, Provo, for plaintiff and appellant.

Jackson Howard and John Merkling of Howard, Lewis & Petersen, Provo, for defendants and respondents.

DURHAM, Justice:

This case is an appeal from the trial court's dismissal of the plaintiff's suit for specific performance of a sale of real property. The plaintiff, Parks Enterprises, Inc., desired to purchase approximately 84 acres of land from New Century Realty, the defendant. On September 27, 1979, the plaintiff filled out and signed a printed form Earnest Money Receipt and Offer to Purchase, which was carried to the defendant by the plaintiff's agent, J. Fred Smith of Tri-State Realty. Among other terms, the plaintiff's offer provided that $5,000 in earnest money would be deposited with Tri-State Realty upon the parties' reaching an agreement and that the offer would remain

open for two hours. The offer also listed four conditions to which the sale would be subject upon acceptance of the offer. John A. Riding, President of New Century Realty, found the primary terms of the offer acceptable, but objected to the listed conditions. In the space below the conditions, Riding typed in the following:[1]

Seller will accept the above total price and downpayment and other terms with no "Subject To's" other than Seller's good and marketable title. All release to be $1500.00 per acre. Seller must approve counter within 48 hours.

The counteroffer was signed "New Century Realty, Inc. by John A. Riding, 2 p.m., 27 Sept. 1979." The following morning, Friday, September 28, the plaintiff considered the counteroffer and decided to accept it. Hal Parks, president of Parks Enterprises, signed the earnest money document below the defendant's typed counteroffer and sent a signed copy back to the defendant with the plaintiff's agent, Smith.

From this point, the evidence presented at trial was in conflict. The plaintiff's agent, J. Fred Smith, testified that he went to the defendant's offices but found them closed and locked all day and, for this reason, placed a signed copy of the earnest money agreement under the door. He also mailed a copy to the defendant, return receipt requested. The defendant did not receive notification of the letter until after the expiration of the 48-hour period. The defendant, however, introduced evidence at trial to show that its offices were open that day, that business was conducted as usual, and that the plaintiff made no response to its counteroffer within the specified time period.

After hearing the evidence, the trial court entered findings of fact which included findings that the defendant's typed addition to the earnest money agreement was a counteroffer with acceptance limited to the following 48 hours, that the plaintiff had failed to accept within the specified period,

1. The trial court found that the defendant intended the addition as a counteroffer, which finding is not contested in this appeal.

and that the recited earnest money payment of $5,000 was never tendered to the defendant. The trial court concluded that because of the plaintiff's failure to accept and failure to tender the earnest money, there was no contract which could be specifically performed. The plaintiff's cause of action was dismissed.

The plaintiff argues three points on appeal. In its first point, the plaintiff states that this Court should review questions of fact as well as law, asserting that in an equity case it is the Court's duty to examine the evidence and to overrule the trial court's findings unless they are supported by clear and convincing evidence. The plaintiff has misstated the standard of review. While it is true that in equity cases appeal may be had on the facts as well as the law, this Court defers to the "advantaged position of the trial judge who sees and hears the witnesses," *McBride v. McBride,* Utah, 581 P.2d 996, 997 (1978), by reversing the trial court's findings only when the evidence clearly preponderates against them. *Bradford v. Alvey & Sons,* Utah, 621 P.2d 1240 (1980); *Tanner v. Baadsgaard,* Utah, 612 P.2d 345 (1980). In these cases, both suits for specific performance of contracts for the sale of real property, this Court cited the above rule and looked for a "reasonable basis in the evidence" to justify the trial court's findings. *Bradford* at 1243; *Tanner* at 347. More recently, we thoroughly reviewed and affirmed this standard of review for equity cases in *Jensen v. Brown,* Utah, 639 P.2d 150 (1981). We therefore review the trial court's findings of fact as well as its conclusions of law, but will reverse those findings only if the evidence clearly preponderates against them.

In its second point, the plaintiff contends that it properly tendered the earnest money to the defendant. It is well recognized that one seeking equity must take care to discharge his own obligations regardless of mere inconvenience. *Fischer v. Johnson,* Utah, 525 P.2d 45 (1974); *Bradford, supra.* It is also settled law that a contract will be construed against its drafter. *See, e.g., Microbiological Research Corp. v. Muna,* Utah, 625 P.2d 690 (1981); *Skousen v. Smith,* 27 Utah 2d 169, 493 P.2d 1003 (1972). The plaintiff filled out an earnest money agreement which in part read as follows: "To: Tri State Reality [sic] . . . In consideration of your agreement to use your efforts to present this offer to the Seller, I/we Parks Interprises, Inc. [sic] hereby deposit with you as earnest money the sum of $5,000, Five Thousand and no/100 dollars, in the form of check to secure and apply on the purchase of the property . . . ." The plaintiff's provisions were incorporated in the defendant's counteroffer except for those specifically rejected. Therefore, the $5,000 should have been deposited immediately upon the plaintiff's acceptance of the defendant's counteroffer. The plaintiff's agent, J. Fred Smith, testified at trial that Tri-State Realty had never received such a check or any earnest money payment from the plaintiff. Smith testified that the check was made out to Backman Abstract & Title Company to hold as escrow agent, although Smith was uncertain whether he had delivered the check to Backman on Friday, September 28, or Monday, October 1. The check itself was not presented as evidence, nor did the plaintiff offer any other evidence to show when the check was delivered. The plaintiff argues that since the earnest money agreement specified that the closing would be handled by Backman Abstract & Title Company, Backman became the escrow agent for both parties and tender to Backman constituted tender to the defendant. This contention is contrary to the equity and contract principles cited above. The plaintiff asks for specific performance, an equitable remedy, but is unable to show compliance with the terms which the plaintiff had chosen, *i.e.,* tender of the earnest money to Tri-State Realty, or compliance with the defendant's counteroffer, *i.e.,* tender within 48 hours. The evidence does not preponderate against the trial court's finding but, in fact, provides a reasonable basis for finding that the plaintiff failed to tender the earnest money payment. Therefore we will not disturb that finding.

■■ The plaintiff asserts in its third point that its acceptance of the defendant's counteroffer was proper, timely and created a binding contract. The plaintiff cites many authorities to the effect that where an offer is silent as to the manner of acceptance, any reasonable method may be used and that acceptance is effective upon dispatch. We do not question these general principles of contract formation but find that they are not dispositive here. In the case of an offer to sell real property where the offer is made to the other party personally, the offeror is entitled to personal notice of acceptance. In a real property case, *Frandsen v. Gerstner*, 26 Utah 2d 180, 184, 487 P.2d 697, 700 (1971), we referred to the rule that "generally a contract arises from the time that the agent of the offeree *communicates* the acceptance of his principal to the offeror." (Emphasis added.) A review of the record makes it clear that the parties were negotiating personally through the plaintiff's agent, Smith, and that both parties were in a hurry. The plaintiff limited the effectiveness of its original offer to a mere two hours. Smith personally carried the offer and counteroffer between the parties. The parties did not negotiate by telephone or letter. The defendant's counteroffer specified no particular manner of acceptance, but stated that "Seller must approve counter within 48 hours." When an offer does not specify the manner of acceptance, the offeree may accept in any reasonable manner. Here, the plaintiff properly sent its acceptance with its agent, Smith. When Smith failed to communicate the acceptance to the defendant personally, the acceptance was not yet out of the possession of the plaintiff. There was conflicting evidence regarding whether the defendant's office was open and the defendant denied having received the acceptance which Smith claimed to have put under the door. Under these circumstances, there was a reasonable basis for the trial court to conclude that

acceptance by mail was not reasonable in this situation and that timely personal or actual notice of acceptance was required.[2] Therefore, we will not disturb the findings of the trial court on that question.

■ As we have sustained the trial court's findings of fact that there was no timely acceptance of the defendant's counteroffer and no proper tender of the specified earnest money, we must also conclude with the trial court that there was no contract between the parties which could be specifically performed. Even if we had found the mailed, late acceptance to be reasonable and proper, the absence of a proper tender of the earnest money would have barred the plaintiff's action. In *Fischer v. Johnson, supra,* the plaintiffs sought specific performance, alleging that they had sufficiently tendered performance by notifying the defendants that they were ready and willing to enter into and perform the purchase contract as planned. The plaintiffs had some difficulty contacting the defendants and did not tender the $3,000 payment prerequisite to entering into the contract.

> There is undoubtedly a basis in the evidence to justify a conclusion that the actions of the defendants created some degree of difficulty or inconvenience for the plaintiffs. Nevertheless, we cannot see therein any basis upon which it could reasonably be concluded that the plaintiffs discharged the duty which the law imposes upon them of attempting with reasonable diligence and good faith to do what the agreement required of them. They did not fulfill that obligation by simply serving the notice of willingness to go forward, and yet failing to tender the required $3,000 payment.

525 P.2d at 47. The situation in the instant case is comparable. The signed earnest money agreement, standing alone, was in-

---

**2.** It should be noted that although the trial court found that the defendant had intended to type "*Buyer* must approve . . ." rather than "*Seller* must approve counter within 48 hours," that sentence should have put the plaintiff on notice that the 48-hour limitation was of impor-

tance to the defendant and that mailing an acceptance on a Friday afternoon, half-way through the 48-hour period, would not communicate with the defendant fast enough to allow the defendant to approve it within the 48 hours.

sufficient to form a binding contract without the required tender of earnest money. The judgment of the trial court is affirmed. No costs are awarded.

HOWE, J., concurs in the result.

HALL, C.J., and STEWART and OAKS, JJ., concur.