Samuel M. **WILLIAMS** and Shelley Thomas Williams, Plaintiffs and Appellants,

v.

Clarie **SINGLETON**; C.A., Inc., a Utah corporation, dba, C.A. Limited; Americap Realty, Inc., a Utah corporation; and Robert L. Monson, Defendants and Respondents.

No. 20041.

Supreme Court of Utah.

Aug. 5, 1986.

Cary D. Jones, John T. Anderson, Salt Lake City, for plaintiffs and appellants.

Ronald L. Poulton, David R. Blaisdell, Salt Lake City, for C.A. Limited and Singleton.

Gregory B. Wall, Salt Lake City, for Monson and Americap Realty, Inc.

PER CURIAM:

Plaintiffs appeal from a summary judgment in favor of defendants. The trial court found that no binding agreement had been reached between the parties under an earnest money receipt and offer to purchase (the contract) and that defendants were entitled to the return of their earnest money deposit. We affirm.

On appeal from a summary judgment, we review the evidence in a light most favorable to the losing party. *Geneva Pipe Co. v. S & H Insurance Co.*, 714 P.2d 648 (Utah 1986). Summary judgment is proper if the movant is entitled to it as a matter of law on the undisputed facts. Utah R.Civ.P. 56(c); *Bushnell Real Estate, Inc. v. Nielson*, 672 P.2d 746 (Utah 1983). The controlling facts are as follows:

On August 16, 1983, defendants offered to purchase from plaintiffs property owned by plaintiffs in joint tenancy. The offer was accompanied by a $5,000 earnest money deposit and required plaintiffs to accept within one day. Jodie Bennion, the real estate agent for plaintiffs, contacted them in California on August 17 and informed them of the terms and conditions of the offer. In response, Bennion received a telegram worded as follows:

I, Sam Williams, hereby authorize Jodie Bennion of Gump & Ayers Real Estate to accept an offer to sell my home located at 1040 East 1st Avenue Salt Lake City $205,000 all of the terms acceptable.

(Signed) Samuel M. Williams.

Bennion then accepted the offer by signing "Sam Williams by Jodie Bennion agent telegram attached." Defendants decided not to purchase the property, and plaintiffs demanded that defendants' earnest money deposit be forfeited to plaintiffs. Defendants refused, and this suit followed. In opposition to the motion for summary judgment by defendants, plaintiff Shelley Williams stated by affidavit that she had instructed her husband to accept the offer on her behalf and that Bennion had likewise been informed of her willingness to sell. The trial court ruled that Bennion had accepted the offer on behalf of Sam Williams only and that without Shelley Williams' signature on the contract the accepted offer was unenforceable under the statute of frauds. The court also held that Bennion had no authority to accept the offer on plaintiffs' behalf as plaintiffs did not give her a written power of attorney to so act. Plaintiffs assign both those rulings as errors. Inasmuch as we hold that Shelley Williams' failure to sign, either personally or through her agent, rendered the contract unenforceable, we do not reach the merits of the second issue.

Section 25-5-1 of our statute of frauds controls the creation of estates or interests in real property:

> No estate or interest in real property, other than leases for a term not exceeding one year, nor any trust or power over or concerning real property or in any manner relating thereto, shall be created, granted, assigned, surrendered or declared otherwise than by act or operation of law, or by deed or conveyance in writing *subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by his lawful agent thereunto authorized by writing.*

(Emphasis added.) Similar requirements govern contracts for leases and sales of lands. Section 25-5-3 provides:

> Every contract for the leasing for a longer period than one year, or for the sale, of any lands, or any interest in lands, shall be void unless the contract, or some note or memorandum thereof, is in writing *subscribed by the party by whom the lease or sale is to be made, or by his lawful agent thereunto authorized in writing.*

(Emphasis added.)

■ A contract made by telegraph is deemed written under section 25-5-7, and an agent may sign for his or her principal, section 25-5-9, so long as the authority is given in writing. *Bradshaw v. McBride*, 649 P.2d 74 (Utah 1982). Bennion received her written authority from Sam Williams by telegram and accepted the offer as his agent with the telegram attached. Consequently, Sam Williams properly accepted the offer of defendants within the time required by defendants. However, Sam Williams was a joint tenant with Shelley Williams and could not have accepted on her behalf or as her agent without written authority first obtained. There is no husband-wife exception to the statute of frauds. *Holmgren Bros., Inc. v. Ballard*, 534 P.2d 611 (Utah 1975); *Coombs v. Ouzounian*, 24 Utah 2d 39, 465 P.2d 356 (1970). One joint tenant or tenant in common cannot bind his cotenant by a contract which he may make relating to the common property. *Carbine v. Meyer*, 126 Cal.App.2d 386, 272 P.2d 849 (1954).

Plaintiffs advance several arguments in urging us to recognize Sam Williams' acceptance on behalf of both plaintiffs as enforceable against defendants. They claim that Shelley Williams expressly authorized her husband and later expressly ratified that authorization to sell by approving and consenting to the filing of their complaint against defendants. They also claim that only the signature of the party to be charged is required on a contract and that the parties to be charged in this case were defendants. They conclude that in any event the offer here does not purport to create, grant, assign, or surrender an interest in real property and is therefore not a "conveyance" embraced by the statute of frauds.

■ Contrary to plaintiffs' argument, an offer to purchase when accepted creates an interest in real estate and is within the

statute of frauds. U.C.A., 1953, § 25–5–3, *supra; Coombs v. Ouzounian, supra; Knight v. Chamberlain,* 6 Utah 2d 394, 315 P.2d 273 (1957).

■ Plaintiffs' reliance on statutory language that "the party to be charged" in this case should be defendants is misplaced. That language does not appear in the sections pertinent to their situation. Section 25–5–3 specifically requires that the contract be "in writing subscribed by the party by whom the sale is to be made." Certainly this section governing land contracts, as well as section 25–5–1 governing conveyances by deed, mandates expressly that a document to be enforceable under the statute of frauds must be subscribed by the party granting the conveyance. *Le-Vine v. Whitehouse,* 37 Utah 260, 109 P. 2 (1910). The provision in section 25–5–4(5) that "[e]very agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation" must be subscribed by the party to be *charged therewith* is inapplicable. It was designed to protect owners of land from fraudulent and fictitious claims for commissions, *Fowler v. Taylor,* 554 P.2d 205 (Utah 1976), and has no bearing on real estate transactions between parties.

Finally, plaintiffs may not use their joint complaint against defendants as a written ratification by Shelley of Sam's acceptance. An offeror may restrict the manner of acceptance, provided his or her intention to do so is clearly expressed. *Cochran v. Connell,* 53 Or.App. 933, 632 P.2d 1385 (1981), *citing* 1 Corbin on Contracts § 88, 373–74 (1963). At the time the offeror makes the offer, he or she has full control of its terms and may specify the time within which acceptance is limited. *McKibben v. Mohawk Oil Co., Ltd.,* 667 P.2d 1223 (Alaska 1983). Defendants' offer read in pertinent part:

> This payment is received and offer is made subject to the written acceptance of the seller endorsed hereon within *one* days from the date hereof and unless so approved, the return of the money herein receipted shall cancel this offer without damages to the undersigned agent.

Shelley did not join or ratify in writing her husband's acceptance within the one-day period. Where an offer has expired by lapse of time, an attempt to accept is ineffectual to create a contract. *Morrison v. Rayen Investment, Inc.,* 97 Nev. 58, 624 P.2d 11 (1981). As a corollary, an attempt to ratify after the offer has expired by lapse of time is equally ineffectual to revive the contract. The open-ended ratification urged by plaintiffs would play havoc with the laws of offer and acceptance and allow joint tenants to effectively withhold their joint contractual commitment while bargaining individually until the most attractive offer was made, all the while holding several offerors to their commitments. In *Burg v. Betty Gay of Washington, Inc.,* 423 Pa. 485, 225 A.2d 85 (1966), a similar claim of ratification was rejected by the Supreme Court of Pennsylvania. The lessor there claimed to have ratified the signing of a lease by his agent by instituting suit on the lease agreement. The tenant under the purported lease had disavowed any obligation under the lease and had never taken possession or paid rent to the lessor. Said the court in affirming the judgment against the lessor:

> If ratification is relied upon in order to establish the authority of the agent, it must be in writing and executed prior to any effective renunciation by the lessee of the lease agreement. Otherwise, the defense of statute of frauds will be available only to the lessor, which result would be totally inconsistent with the requirement of mutuality of obligation of contracts and with the settled policy that either party may raise the defense of the statute of frauds.

*Id.* 225 A.2d at 86 (citation omitted).

■ A similar result is dictated here. Under the concept of mutuality of obligation, defendants could not have prevailed in enforcing a sale by plaintiffs, had Shelley's failure to join in the acceptance within one day been the result of her refusal to sell. *Coombs v. Ouzounian, supra;*

*Frandsen v. Gerstner*, 26 Utah 2d 180, 487 P.2d 697 (1971); *Lee v. Polyhrones*, 57 Utah 401, 195 P. 201 (1921). Defendants offered to purchase the joint interest of plaintiffs, and Sam negotiated for the sale of the joint interest. When Shelley did not ratify in writing Sam's acceptance within the one-day period contemplated by the offer, the offer never ripened into a contract, and defendants were entitled to have the earnest money deposit returned to them. *See Walk v. Miller*, 650 P.2d 1286 (Colo. App.1981).

Affirmed.