[Filed April 25, 1887.]

N. H. McKAY, Respondent, v. N. A. MUSGROVE
AND W. H. MUSGROVE, Appellants.

PLEADING—CONVERSION.—It is not necessary to allege in express terms in com-
plaint for conversion of property that plaintiff is the owner of the property, pro-
vided that fact appears from the complaint conclusively, when the objection is
not taken until after the verdict.

VALUE.—A pleading will not be deemed deficient, after verdict, which does not
state the value of the property.

SAME.—The defendant could by motion have compelled the complainant· to have
made his complaint more definite and certain, and this course should have been
pursued.

JUDICIAL NOTICE.—The court may take judicial notice that merchantable products,
such as hay and potatoes, in Oregon have a value.

APPEAL from Multnomah County.    Affirmed.

H. T. Bingham, and A. R. Coleman, for Appellants.

1. The complaint should have alleged ownership of the prop-
erty.  (Johns v. O. S. N. Co. 8 Or. 35; Wright v. Field, 64 How.
Pr. 117; Weiner v. Lee Shing, 12 Or. 278.)

2. Plaintiff could not show the value of the property unless
there was an allegation of value in the complaint.   (1 Suther-
land on Damages, pp. 173, 174.)

Moreland & Masters, for Respondent.

1. Where the action is for conversion, the law infers an injury
measured by value of the property, and the injured party may
recover under the general averment of damages.    (1 Sutherland
on Damages, 764.)

2. An averment of the value is not necessary in trover.
('Conross v. Meier, 2 Smith, E. D. 34, 314; Bacon's Abridgment,
tit. Tress.)

3. Every matter that would have been admissible by way of
amendment is cured ·after verdict.   (Davidson v. O. & C. R. R.
Co. 11 Or. 136.)

The allegations of the complaint show ownership sufficient
to sustain a verdict.   (28 Am. Dec. 153; 1 Addison on Torts,
[Wood's ed.] § 532; Houghton v. Beck, 9 Or. 327; Davis v.
Waters, 11 Or. 448.)

Thayer, J.— This appeal is from a judgment recovered in favor of the respondent against the appellants for a conversion of certain hay and potatoes.   The errors assigned are based upon an alleged defect of the complaint, consisting in a failure upon the part of the respondent to aver ownership in himself at the time of the conversion, and of the value of said articles.   The substance of the complaint is as follows: That on the first day of October, 1885, the respondent leased of the appellants their farm for the term of twelve months from said date, and agreed to pay therefor the sum of one hundred dollars per month; that the respondent occupied the farm during the said term, during which time he planted a large amount of potatoes and harvested and cut and bailed a large amount of hay, which was stored in the barn on the premises; that on the first day of October, 1886, the respondent surrendered up to appellants the premises, subject to his right to enter thereon, and to take therefrom the said hay and dig and remove the said potatoes; that there were in the ground on said premises eight hundred bushels of potatoes, and in the barn and on the premises eighteen tons of baled hay; that in addition to the said contract of leasing, the respondent leased of the appellants the barn to store the hay until he could remove the same therefrom, and paid them therefor hay of the value of fifteen dollars; that respondent was proceeding as rapidly as possible to remove said hay and to dig and remove the potatoes, when, on the thirteenth day of October, 1886, the appellants refused to allow the respondent to dig or remove said potatoes or to remove the said hay from said premises, and forbade him from removing anything from the place or from coming thereon; and that appellants were using said hay and potatoes and had converted them to their own use, by means whereof the respondent had been damaged in the full sum of $570, for which he demanded judgment.   An answer to the complaint was filed by appellants, controverting the allegations of conversion and damages, and the issues so made were tried by a jury, who returned a verdict in favor of the respondent for the sum of $464.55.   Thereupon the appellants' counsel filed a motion for judgment notwithstanding the verdict (formerly a motion in arrest of judgment), which

motion the court denied. Said counsel insist that the complaint is defective in not alleging that the hay and potatoes belonged to the respondent at the time of the conversion, also in not alleging their value; and that their exception, which was made to the introduction of proof of their value upon the trial, was well taken.

*Allegation of ownership.* The allegations of the complaint are not direct, that the respondent was the owner of the articles alleged to have been converted, at the time of their conversion; but they show that he was such owner so conclusively that to have further stated the fact in direct terms would practically have been superfluous. Whether the complaint is open to objection or not upon that point by demurrer or motion is of no consequence if good after verdict, and that it is good after verdict there can be no question. And upon the point that it was objectionable in not containing any allegation of the value of the articles on demurrer, I am inclined very much to doubt.

*Allegation of value.* In the form given in 2 Chitty's Pleadings, page 836, for a declaration in trover, an averment of the value of the thing, "that the plaintiff was possessed as of his own property," is indicated as necessary, and in note "r" thereto it is said "that property must be described to be of some value," and a reference is made to B. & A., 271, as authority.

The averment, however, evidently was not required in order to apprise the defendant of the value of the property that would be claimed at the trial. Some of the cases cited by respondent's counsel herein show this to be so. *Conross* v. *Meier*, 2 Smith, E. D. is to that effect. It seems to me that the only object of such an averment is to show that the plaintiff has a general or special property in the thing converted, which he cannot have unless it have a value. If it were of such a nature that the court could not take judicial notice that it had any value, the averment might be essential, as a person could not have a property in something that was worthless. I can discover no other necessity for alleging that the property was of some stated value. The conversion is the gist of the action, and the value of the property is evidence of the amount of damages the plaintiff has

sustained. It is usual, however, to state the value in the complaint, and although the court may be authorized to take judicial notice that hay and potatoes in Oregon have a value, yet it would have been as well had the respondent alleged it. The complaint in this case is not a model pleading by a long way. It is very loosely drawn generally. The respondent's counsel should have alleged that he was the owner and entitled to the possession of certain hay and potatoes, describing them and stating their value, and that the appellants wrongfully converted them to their own use to his damage in a certain sum. That probably would have obviated this contention.

The appellants, however, could by motion have compelled him to make the complaint more definite and certain, and they should have done so instead of accepting it as sufficient, and then attempting to take advantage of a mere defect of statement of title by an appeal.

A pleading after verdict will not be deemed defective unless it lack a material allegation as defined by section 93 of the Code. This complaint is not defective to that extent under any view.

The judgment appealed from will therefore be affirmed.