Argued April 25, affirmed September 17, 1929.

F. E. OSBORNE v. C. A. ELDRIEDGE ET AL.

(280 Pac. 497.)

For appellants there was a brief and oral arguments by *Mr. Wallace G. Carson* and *Mr. John H. Carson.*

For respondent there was a brief over the name of *Mr. Guy O. Smith,* with an oral argument by *Mr. Walter C. Winslow.*

COSHOW, C. J.— The objection to the complaint having been raised for the first time at the beginning of the trial every intendment in its favor will be indulged by the court: *Weishaar* v. *Pendleton,* 73 Or. 190 (144 Pac. 401). A very similar complaint was

sustained by this court in *McKay* v. *Musgrove*, 15 Or. 162 (13 Pac. 770). Mr. Justice THAYER in announcing the decision of the court used this very appropriate language in page 165:

"The appellants, however, could by motion have compelled him to make the complaint more definite and certain, and they should have done so instead of accepting it as sufficient, and then attempting to take advantage of a mere defect of statement of title by an appeal."

■ The case of *McKay* v. *Musgrove* is very similar to the case at bar. In both cases the conversion consisted of preventing plaintiff from taking from premises belonging to defendants personal property owned by plaintiff. In *Daniels* v. *Foster & Kleiser*, 95 Or. 502, 507 (187 Pac. 627), the court, speaking through Mr. Justice HARRIS, said:

"Where a conversion has actually occurred, there is no necessity of alleging and proving a demand and refusal: (authorities cited)."

A conversion is defined as:

" 'An unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights.' The legal wrong denominated 'conversion' is any unauthorized act of dominion or ownership exercised by one person over personal property belonging to another; * * ." 38 Cyc. 2005.

Plaintiff owned the wood, and he had a right to remove it from the premises belonging to defendants. Defendants refused to permit plaintiff to enter the premises and remove the wood. Defendants by word of mouth and conduct excluded plaintiff's right to the wood. The complaint not only alleges that defendants wrongfully converted the personal property be-

longing to plaintiff but sets out that said conversion was done by refusing to permit plaintiff to remove said property from the real property belonging to defendants. There is sufficient evidence in the testimony as reported to carry the case to the jury upon that issue.

■ One of the main contentions of defendants is that plaintiff is not the owner of the wood. The evidence discloses without contradiction that the timber from which the wood was made was purchased and paid for by one Landfare and the plaintiff. A written contract between said Landfare and defendant C. A. Eldriedge evidences the sale of the timber by defendant C. A. Eldriedge, then the owner of the legal title to the real property on which the timber was standing. Plaintiff claims title by an assignment of said contract. As an additional evidence of said assignment plaintiff introduced a receipt showing the payment by him to said Landfare of $100 for the wood claimed by plaintiff in this action. The evidence also discloses that the contract sale and purchase by said Landfare from said defendant C. A. Eldriedge was delivered to plaintiff by said Landfare at the time of the verbal assignment. Such a contract as was entered into between said Landfare and the defendant C. A. Eldriedge may be assigned orally: 5 C. J. 902, § 67; *Williams* v. *Pacific Surety Co.*, 77 Or. 210 (146 Pac. 147, 149 Pac. 524).

■■ Defendants further contend that the time for removing the wood had expired and that because of that expiration plaintiff had no title thereto. The contract by which plaintiff claims title provides that the timber should be cut on or before April 18th. Cutting of the timber was interfered with more or less by high water. The land on which the timber

was growing borders on the Willamette River. Prior to said April 18th plaintiff asked for an extension of time in which to cut and remove the wood. He was given until July 1st to remove the wood but was refused an extension of time for cutting the timber. It is now claimed by defendants that the agreement between defendants and plaintiff for the extension of time by a verbal agreement was not admissible to prove the agreement. Under the statute of frauds a contract in writing cannot be altered or modified, except in writing, but the performance of the contract may be changed by a verbal agreement: 27 C. J. 328, § 417; *Scott* v. *Hubbard*, 67 Or. 498, 505, 506 (136 Pac. 653). A seventy-page note is subjoined to *Kirkle* v. *Allison*, 15 A. L. R. 38, beginning in page 41, exhaustively treating this subject. The written contract does not specify when the wood shall be removed from the premises. It does specify the timber shall be cut on or before April 18th. Under the contract plaintiff had a reasonable time after April 18th in which to move the wood from the premises: Note 15 A. L. R. 51; *Belt* v. *Matson*, 120 Or. 313 (252 Pac. 80).

Justice requires that plaintiff be permitted to take the property for which he had paid and upon which he had expended labor and time. The defenses advanced by defendants are merely technical. Defendant C. A. Eldriedge conveyed the title to the land to his wife after entering into the contract. Defendant C. A. Eldriedge gives as an excuse for denying plaintiff his right to remove the wood prior to July 1st that plaintiff had played a mean trick on him. The mean trick consisted of plaintiff employing a number of men to cut the timber which plaintiff had bought and paid for. This conduct occurred before April 18th, when plaintiff had a right to cut the timber. He

had until July 1st to remove the timber he had cut, but was prevented from removing it by defendants and their lessees, who had rented the premises after plaintiff and said Landfare had purchased the timber. There was evidence sufficient to take the case to the jury to the effect that both defendants had co-operated with their tenants to prevent plaintiff from removing the wood belonging to him. Defendant C. A. Eldriedge himself testified:

"Q. Now you had a conversation with him, you said, in April, about an extension of time to get the wood out? A. Yes, I did.

"Q. You agreed with him that he might have time to get it out, did you not? A. I didn't agree with him, the Gibbons agreed with him.

"Q. Tell what was said when he asked for an extension of time? A. Well, we talked it over and agreed for him to go in and take all the logs and wood. He said, 'I have paid for it,' and I said, 'yes, you are entitled to your wood, to come and get it' because I wanted to get it done with, and get it slashed off."

■ In the light of this testimony on the part of defendant Eldriedge the court will not search for some technical reason for defeating plaintiff's right to the value of his property, which under the law was doubtless wrongfully converted by defendants and their tenants, the Gibbons.

Judgment affirmed. AFFIRMED.

BELT, BEAN and RAND, JJ., concur.