Argued September 13, affirmed December 15, 1971, petition for
rehearing denied January 25, 1972

NORRIS, BEGGS & SIMPSON, *Respondent, v.*
EASTGATE THEATRES, INC., *Appellant.*

491 P2d 1018

*George M. Joseph,* Portland, argued the cause for appellant. With him on the briefs were George W. Mead, and Bemis, Breathouwer & Joseph, Portland.

*John R. Sabin,* Portland, argued the cause for respondent. With him on the brief were Robert L. Sabin, and Sabin, Newcomb, Sabin & Meyer, Portland.

HOWELL, J.

Plaintiff filed this action to recover a commission for the sale of real estate. Defendant appeals from a judgment entered on a verdict for the plaintiff.

The defendant, Eastgate Theatres, Inc., is the owner of the Eastgate Theatre in Portland and the Westgate Theatre in Beaverton, and is a closely-held corporation with 25 percent of the stock owned by Thomas Moyer, president, and 75 percent by his wife. Also, Mr. Moyer individually owned a 25-percent interest in a partnership, consisting of his brothers and

a sister, which owned drive-in theatres in Portland and Eugene. In 1968 dissension developed among the partners, resulting in a suit being filed by the other partners against Mr. Moyer. The partners agreed to purchase Mr. Moyer's interest in the partnership, or, if they could not finance the transaction, Mr. Moyer, subject to court approval, would purchase the interests of the other partners.

Late in 1968 the plaintiff, whose business includes the selling of real estate, and the defendant's president discussed the possibility of selling the defendant's Eastgate and Westgate Theatres to ABC-Paramount Corporation.

On January 3, 1969, the defendant signed an agreement with plaintiff wherein the defendant offered to sell the Eastgate and Westgate Theatres to ABC-Paramount for $1,862,500, provided that ABC-Paramount would also purchase the Moyer partnership theatres. The agreement stated as follows:

"Mr. J. A. VanLeeuwen
Norris, Beggs & Simpson
711 S.W. Alder Street
Portland, Oregon 97205

"Dear Mr. Van Leeuwen:
"This letter will confirm that we agree to sell Eastgate and Westgate Theatres, consisting of the real and personal property comprising:
Eastgate Twin Theatre
2025 S.E. 82nd Avenue
Portland, Oregon.
 and
Westgate Twin Theatre
600 N.W. Cedar Boulevard
Beaverton, Oregon.
to ABC-Paramount Corporation for a gross price

of $1,862,500.00, in cash or on such terms as may be mutually acceptable, provided however, that simultaneously with the closing of such transaction, ABC-Paramount Corporation will also purchase for cash the Moyer Theatres entity as represented to them for the price of $1,750,000.00. It is understood that sale of Moyer Theatres is subject to approval of the Circuit Court in Portland, Oregon.

"We further agree that upon consummation of the sale of Eastgate and Westgate Theatres, we will pay to Norris, Beggs & Simpson a commission in accordance with the Portland Board of Realtors schedule as previously discussed.

Yours very truly,

EASTGATE THEATRES, INC.
By /s/ Thomas Moyer
 President
By /s/ Marilyn L. Moyer
 Secretary-Treasurer"

At the time the above agreement was executed on January 3, 1969, Mr. Moyer and his partners did not know who would be the eventual owner of the partnership properties—Moyer or the other partners.

According to one of the plaintiff's representatives, on March 11, 1969, Mr. Moyer advised him that "it looked like his family was going to be able to raise the necessary money to buy out his interest in the Moyer entities, and he would be interested in proceeding with the sale of Eastgate and Westgate only."

In April, 1969, the partners purchased Mr. Moyer's interest in the partnership.

On May 20, 1969, ABC-Paramount offered to purchase defendant's Eastgate and Westgate Theatres for

the price requested, $1,862,500, and submitted a deposit of $25,000 on the purchase price.

The defendant rejected the offer, advising plaintiff and ABC-Paramount that he had been paid by the other partners and that neither the partnership properties nor the Eastgate and Westgate Theatres were any longer for sale. Plaintiff thereupon filed this action to recover its commission.

Relying on the agreement of January 3, 1969, the plaintiff alleged in its complaint that defendant employed plaintiff to sell the Eastgate and Westgate Theatres with the proviso that plaintiff should also sell the partnership properties; that defendant "orally waived" the provision requiring the sale of the partnership properties and directed plaintiff to sell the Eastgate and Westgate Theatres only; that plaintiff produced a buyer for Eastgate and Westgate in accordance with the agreement, and defendant refused to sell. The defendant demurred to plaintiff's complaint on the ground the complaint failed to allege a cause of action. The demurrer was overruled. The jury returned a verdict awarding plaintiff its commission on the sale.

■■ The defendant contends that the trial court erred in overruling the demurrer to plaintiff's complaint. The complaint clearly stated a cause of action for breach of an agreement to pay plaintiff a commission on the sale of the Eastgate and Westgate properties. While the complaint alleged that the agreement also included the sale of the Moyer partnership interest, it alleged that defendant "orally waived" the sale of the latter and "directed plaintiff to continue negotiating for the sale" of the Eastgate and Westgate Theatres. Defendant argues that the

words "orally waived" constitute a conclusion. The plaintiff was not required to allege the exact language used by the defendant. If the defendant was dissatisfied with the term "orally waived," it could have filed a motion to make the phrase more definite and certain. It did not do so. The demurrer was properly overruled.

The defendant also assigns as error the overruling of a motion for a judgment of involuntary nonsuit, a motion for a directed verdict, and the giving of a certain instruction.

■ Regarding these issues, the defendant at the trial argued that any oral modification of the January 3, 1969, agreement to restrict the sale to the Eastgate and Westgate Theatres was void as within the statute of frauds.[1]

---

[1] In its brief in this court the defendant makes the additional argument that the evidence of a parol agreement modifying a previous written agreement must be clear, convincing and conclusive. Craswell v. Biggs, 160 Or 547, 86 P2d 71 (1939); and that plaintiff has not sustained its burden of proof. Assuming that this contention is properly before us, as it was not raised in the lower court, it is without merit. The evidence clearly presented a jury question as to whether the defendant orally modified the written agreement of January 3, 1969.

Both Mr. & Mrs. Moyer testified that they never agreed to sell the Eastgate and Westgate Theatres separately. On the other hand, one of plaintiff's brokers testified that Mr. Moyer stated that he would be interested in proceeding with the sale of Eastgate and Westgate Theatres only.

Thereafter various offers were made by ABC-Paramount for the purchase of Eastgate and Westgate only. The offers, which were for less than the $1,862,500 price set by defendant, were submitted to defendant and were rejected. On one occasion Mr. Moyer, two representatives of plaintiff, and an accountant for ABC-Paramount met in Portland, examined only the books of Eastgate and Westgate, and were driven by Moyer to the two theatres to look them over. Later, when ABC-Paramount met defendant's price of $1,862,500 and enclosed the check for $25,000 earnest money, the defendant rejected the offer. As the evidence was conflicting as to whether the parties orally agreed to a modifi-

The pertinent portion of our statute of frauds, ORS 41.580, states as follows:

"Statute of frauds. In the following cases the agreement is void unless it, or some note or memorandum thereof, expressing the consideration, is in writing and subscribed by the party to be charged, or by his lawfully authorized agent; evidence, therefore, of the agreement shall not be received other than the writing, or secondary evidence of its contents in the cases prescribed by law:

"\* \* \* \* \*.

"(7) An agreement authorizing or employing an agent or broker to sell or purchase real estate for a compensation or commission; but if the note or memorandum of the agreement is in writing and subscribed by the party to be charged, or by his lawfully authorized agent, and contains a description of the property sufficient for identification, and authorizes or employs the agent or broker to sell the property, and expresses with reasonable certainty the amount of the commission or compensation to be paid, the agreement shall not be void for failure to state a consideration."

 It is a general rule of law that an agreement required by the statute of frauds to be in writing may be modified only by an agreement also in writing. *United Farm Agency v. McFarland,* 243 Or 124, 411 P2d 1017 (1966). However, not every oral modification of a written contract is within the statute of frauds.[2] The general rule is subject to the qualification

cation of the January 3, 1969, agreement, the court properly submitted the matter to the jury.

[2] If the original agreement was required by the statute of frauds to be in writing, it may be subsequently modified by parol if the modification is not within the statute of frauds. 2 Corbin on Contracts 90, § 301. Thus, a lease required by the statute of frauds to be in writing may be orally modified providing the terms as

that the modification is ineffective if the contract as modified would itself be within the statute of frauds. 2 Corbin on Contracts 89-90, § 301; 49 Am Jur 609-610, Statute of Frauds § 301. Thus, an oral modification of a contract is within the statute of frauds if the change adds additional land or substitutes other land, changes the amount of the consideration, or, in the case of a lease, extends the lease for a time in excess of the limit allowed oral leases. 2 Corbin, supra, 102-103, § 306.

Generally, courts have refused to admit proof of an oral material modification of a prior written contract because to do so would expose the oral modification to the evils which the statute of frauds was intended to prevent. 49 Am Jur, supra, at 610.

That problem is not present in the instant case because the agreement of January 3, 1969, completely satisfied the requirements of ORS 41.580 (7) as it related to the sale of the Eastgate and Westgate Theatres. The agreement was executed by defendant corporation; it described the property with certainty, employed plaintiff to sell the property, and expressed

---

modified were not required by the statute of frauds to be in writing. Sherman-Clay Co. v. Buffum & Pendleton, 91 Or 352, 179 P 241 (1919), (an agreement modifying the terms of a lease for a period of less than one year). The time limit in a brokerage contract for the sale of realty may be extended without a writing when the broker, with the knowledge and consent of the principal, continues his efforts to sell the property. Ferris v. Meeker Fertilizer Co., 258 Or 377, 482 P2d 523 (1971); Widing et al v. Jensen, Real Estate Com., 231 Or 541, 373 P2d 661 (1962). A subsequent parol agreement which does not change the subject matter but only the method of performance of the prior written contract is not within the statute of frauds. Sayre v. Mohney, 35 Or 141, 56 P 526 (1899), (a parol agreement providing for a particular place where a promissory note should be paid). *See also* Osborne v. Eldriedge et al, 130 Or 385, 280 P 497 (1929), (oral extension of time to remove timber from certain land).

the formula upon which the commission would be determined.

█ The oral modification resulted only in eliminating the partnership theatres from the sale. The remainder of the contract—the sale of the Eastgate and Westgate Theatres owned by the defendant corporation—was not altered in the slightest by the elimination of the sale of the partnership properties. The written agreement for the sale of the Eastgate and Westgate Theatres was complete in itself. Nothing needed to be added to the terms. This is not a case where the oral modification added additional property to the sales agreement, changed the consideration, or otherwise resulted in a new agreement which in itself would be required to be in writing in order to satisfy the statute of frauds.

We conclude that the oral modification of the January 3, 1969, sales agreement eliminating the partnership properties from the agreement and directing plaintiff to proceed with the sale of the Eastgate and Westgate Theatres was not void for being within the statute of frauds.

Affirmed.