Argued October 4, affirmed November 18, 1976

# SIPE et al, *Appellants,*
## *v.*
# PEARSON, *Respondent.*

556 P2d 654

*Ronald L. Gould,* Coos Bay, argued the cause for appellants. With him on the briefs were Orrin R. Ormsbee of McNutt, Gant & Ormsbee, Coos Bay.

*Jerry J. Jaques,* Coquille, argued the cause for respondent. With him on the brief was Harry A. Slack, Jr., Coquille.

Before Denecke, Chief Justice, and O'Connell, Holman, Tongue, Howell, Bryson, and Sloper, Justices.

BRYSON, J.

**BRYSON, J.**

Plaintiffs brought this action to recover $4,000 in broker's fees. The case was tried to the court without a jury. Judgment was entered in favor of defendant, including attorney fees. Plaintiffs appeal.

The parties executed a "Real Estate Broker's Employment Contract" on February 4, 1974, describing defendant's property, consisting of approximately 118 acres. The contract authorized plaintiffs to sell the land under an exclusive listing and provided that plaintiffs' commission would be $8,000, 10 percent of the selling price ($80,000).

Plaintiffs asked defendant if she would consider selling the land in two parcels. Defendant said she would prefer to sell to just one person but if that were not possible, then she would accept two buyers. She testified:

"* * * I preferred one buyer and I wanted just one person to have the rest. He [plaintiff Sipe] said if we could not do this, will you accept two buyers.

"Q   And what did you say?
"A   I said yes, I will."

Plaintiffs found a purchaser, Robert McCay, for a portion of the property, and defendant agreed to sell to him for $40,000. The sale was completed and defendant paid plaintiffs a $4,000 commission on that sale.

Plaintiffs claim to have found purchasers for the remainder of the property for $40,000, but defendant refused to consider the offer or to negotiate. On June 27, 1974, defendant's attorney telephoned plaintiffs asking them to cancel the listing agreement and telling them that defendant would not consider any more offers. Plaintiffs then brought this action to recover the commission on the $40,000 for the remainder of the property described in the Broker's Employment Contract.

Plaintiffs first contend "[t]he trial court erred in

[ 717 ]

holding that the Statute of Frauds barred recovery of a broker's commission pursuant to a written Real Estate Broker's Employment Contract, which described the land to be sold, authorized the broker to sell, and specified the rate of commission, merely because the parcel to be sold was divided for two sales."

The statute of frauds, ORS 41.580, as here applicable, provides as follows:

> "In the following cases the agreement is void unless it, or some note or memorandum thereof, expressing the consideration, is in writing and subscribed by the party to be charged, or by his lawfully authorized agent; evidence, therefore, of the agreement shall not be received other than the writing, or secondary evidence of its contents in the cases prescribed by law:
>
> "* * * * *.
>
> "(7) An agreement authorizing or employing an agent or broker to sell or purchase real estate for a compensation or commission; but if the note or memorandum of the agreement is in writing and subscribed by the party to be charged, or by his lawfully authorized agent, and contains a description of the property sufficient for identification, and authorizes or employs the agent or broker to sell the property, and expresses with reasonable certainty the amount of the commission or compensation to be paid, the agreement shall not be void for failure to state a consideration."

The statute provides that certain terms of the agreement here involved are "required to be in writing." But, most such contracts have other provisions outside of the statute which may be referred to as "non-statutory terms." No cases are cited, and we have found none, where this court has held that non-statutory terms in a contract, as well as those required by the statute, must be in writing and cannot be modified or altered by parol agreement. Compare *Osburn v. DeForce,* 122 Or 360, 368, 369, 257 P 685 (1927). *Norris, B & S v. Eastgate Theatres,* 261 Or 56, 63-64, 491 P2d 1018 (1972), establishes the rule that parties may orally modify non-statutory terms of a contract within the statute of frauds. This protects the

policy of the statute of frauds by preventing oral modification of statutory terms but also gives the contracting parties flexibility to change their contract as to matters other than those provided by ORS 41.580(7).

> "It has not infrequently been said that an oral modification is itself enforceable if it deals solely with such a part of the previous contract as would not in itself be within the statute of frauds." (Citations omitted.) 2 Corbin on Contracts 99, § 304.

It also prevents parties from using the statute of frauds to avoid their promises.

For these reasons, we conclude that the trial court did err, as contended by plaintiffs in their first assignment of error.

The plaintiffs also contend the trial court erred "in finding that Defendant was not 'committed' to two sales of the listed property."

The trial court found:

> "Another factual thing, Mrs. Pearson was never committed to two sales. She did indicate that she would consider it. The realtor asked her this and she indicated that she would consider it, but that doesn't amount to an agreement."

The trial court's finding of fact must be affirmed if it is supported by any substantial evidence. Also, the evidence must be construed in the light most favorable to the prevailing party. *Jorritsma v. Farmers' Feed & Supply,* 272 Or 499, 538 P2d 61 (1975).

Mr. Sipe, president of plaintiff corporation, testified:

> "Q  * * * [W]as there any discussion about selling the balance of the property?
>
> "A  Yes, there was.
>
> "Q  Would you relate the nature of those discussions?
>
> "A  Mrs. Pearson told me that she was anxious to continue to sell the balance of the property because the money that she had received from the first sale did not

filter down to her. It was taken by other obligations and that she very desperately needed to sell some more land and we continued to work on it during the balance of our listing agreement."

The defendant testified:

"A   Yes, I preferred to sell it in one piece.

"Q   OK. However —

"A   I didn't want lots of little pieces, lots of people to deal with, I didn't want a subdivision, is what I'm saying.

"Q   OK. Were you willing to sell it in two parcels?

"A   Yes, as Mr. Sipe asked me if I would if we had to, I said yes."

From this we conclude that the defendant's own testimony showed that she agreed to sell the property in two parcels. This was more than a promise "that she would consider it," as held by the trial court. We believe the trial court erred in this finding.

Despite the trial court's errors, we conclude that the case should be affirmed. As argued in defendant's brief, even if there was error, "nonetheless, plaintiffs should not be awarded a commission" on the Broker's Employment Contract. It is argued that plaintiffs have the duty to procure a purchaser ready, willing and able to purchase the property offered for sale and that plaintiffs did not offer such proof.

We conclude that the plaintiffs did not plead or prove that they produced a buyer ready, willing and able to purchase the remainder of defendant's land. To earn the commission demanded in its complaint, the broker must prove that he found a ready, willing and able buyer on the terms fixed by the owner. *Red Carpet Real Estate v. Huygens,* 270 Or 860, 865, 530 P2d 46 (1974). In *Setser v. Commonwealth, Inc.,* 256 Or 11, 21, 470 P2d 142 (1970), we quoted with approval from *Ellsworth Dobbs, Inc. v. Johnson,* 50 NJ 528, 236 A2d 843 (1967) as follows:

" '* * * When a broker is engaged by an owner of property to find a purchaser for it, the broker earns his commission when (a) he produces a purchaser ready,

[ 720 ]

willing and able to buy on the terms fixed by the owner. * * * If the contract is not consummated because of lack of financial ability of the buyer to perform or because of any other default of his * * * there is no right to commission against the seller. * * *' "

To the same effect see *Brown v. Grimm,* 258 Or 55, 61, 481 P2d 63 (1971).

> The trial court found:
>
> "* * * However, I also disagree totally with the summarization of the evidence on furnishing a ready, willing and able buyer. The only testimony here is to the contrary. Mr. Sipe, himself, indicated that he had no knowledge of whether the man was in financial straits, and nobody said that they were ready and willing and able to pay up at that time."

Plaintiff Sipe testified on direct examination that the buyers were "ready, willing and able" to buy on defendant's terms, but on cross-examination he testified that he didn't know whether the buyers were having "financial difficulties." This was the only testimony on the subject. The claimed potential buyers did not testify. There is evidence to support the trial judge's finding as above set forth. Because the trial court correctly found against the plaintiffs on the "ready, willing and able" issue, the judgment must be affirmed. *State v. Van Hooser,* 266 Or 19, 24, 511 P2d 359 (1973).

The plaintiffs also contend "[t]he trial court erred in invoking a contractual provision for attorney's fees against Plaintiffs who had been barred from asserting the benefit of the contract."

In *Pickinpaugh v. Morton,* 268 Or 9, 519 P2d 91 (1974), we held that when an action to rescind a contract is successful the entire contract, including its provision for attorney's fees, is cancelled. However, this case does not fall within the rule established in *Pickinpaugh.* Here the trial court held that the oral modifications to the contract were not made and that if they had been made it would have violated the statute

of frauds. The trial court did not hold that the original contract was terminated.

The question in the case at bar is whether the contract was modified and whether the modifications are binding; the validity of the underlying contract was never in doubt. We conclude that the court's award of attorney's fees to the prevailing party was proper.

Affirmed.