# ROPER, et ux, *Appellants,*
## *v.*
# NEET, et ux, *Respondents.*
## (No. 77-431-E-3, CA 11616)

591 P2d 423

Sidney E. Ainsworth, Ashland, argued the cause for appellants. On the briefs was Jack Davis, of Davis, Ainsworth, Pinnock & Davis, P. C., Ashland.

Neal G. Buchanan, Klamath Falls, argued the cause and filed a brief for respondents.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges, and Bryson, Judge Pro Tempore.

BRYSON, J., Pro Tempore.

**BRYSON, J.,** Pro Tempore.

Plaintiffs and defendants entered into a lease-option agreement covering a 1975 Kenworth KW100 truck-trailer. Defendants, purchasers, subsequently exercised their option and elected to purchase the equipment on a purchase money installment basis. Defendants failed to make the required monthly payments and were in default under the terms of the agreement.

Plaintiffs filed this action to recover possession of the equipment, or the value of the same, alleging and relying on the agreement. The defendants' answer admits the execution of the agreement.

The trial court entered a decree awarding possession and ownership of the equipment to plaintiff, together with costs. The decree also provided:

"* * * * *.

"2. Plaintiffs' [sic] are not entitled to attorney fees as a Suit for Replevin of personal property shall be treated the same as a suit for Recision [sic] in the case of real property.

"* * * * *."

Plaintiffs appeal, assigning as error only the trial court's failure to allow attorney fees. The contract provided for the payment of attorney fees (not on appeal).

Both parties' briefs state that the trial court, in denying attorney fees, relied on *Pickinpaugh v. Morton*, 268 Or 9, 519 P2d 91 (1974), a suit for rescission and damages for fraudulent misrepresentations. *Pickinpaugh* only holds if one elects to rescind a contract he must rescind in toto and the terms of the abrogated contract have no influence whatever upon subsequent rights of the parties, including a provision for payment of attorney fees. It is inapplicable to the case at bar. To the same effect, *see Usinger v. Campbell*, 280 Or 751, 572 P2d 1018 (1977). *See also Sipe v. Pearson*, 276 Or 715, 556 P2d 654 (1976); *Bodenhamer v. Patterson*, 278

Or 367, 563 P2d 1212 (1977). Plaintiff is entitled to recover attorney fees.

Reversed and remanded for further proceedings to allow attorney fees.